[File No. 7013]

A. T. SCHMIDT, Appellant, v. NORTH DAKOTA WORK-MEN'S COMPENSATION BUREAU and its Commissioners, Respondents.

(23 NW2d 26)

Opinion filed May 18, 1946.   Rehearing denied June 15, 1946

*Murray & Murray,* for appellant.

*Nels G. Johnson,* Attorney General, and *P. B. Garberg,* Assistant Attorney General, for respondents.

BURR, J.  This is a supplement to the case between the same parties determined in 1943.  See 73 ND 245, 13 NW2d 610.  As appellant says in his brief: "This is an appeal from an order of the district court, which order dismisses an appeal from a decision of the respondent Bureau.  The district court bases its decision on the ground that no appeal lies from the decision of the Bureau in view of the fact the Bureau has paid partial compensation.  . . .  This Court in that decision, among other things, held that the Bureau had continuing jurisdiction and that the appellant's remedy was to ask the Bureau to re-open

the claim he had filed with the Bureau for compensation for broken ribs and to apply to the Bureau for an increase in the allowance already made. . . . Pursuant to that decision the appellant did file with the Bureau an application for a review and increase of compensation previously made for broken ribs. . . . The Bureau after considering this evidence and the application denied appellant's said application.—Claimant duly appealed from said denial and decision of the Bureau to the district court. The district court dismissed the appellant's appeal and based its decision on the ground that the decision of the Bureau could not be appealed under prior decisions of this Court."

The record in the case cited shows that on May 10, 1940 plaintiff made application #98593 for compensation because of an accident occurring May 8 wherein he fractured two ribs. On June 21, 1940 the bureau awarded him compensation and in July 1940 gave him a supplemental award. In August 1940 he made application #100792 alleging that between August 1937 and June 1940 he had injured his heart by over-exertion but did not know of the injury until August 1940. The bureau denied that application in September 1940.

In his brief in the case at bar applicant states the injury to his ribs occurred on May 8, 1940 and "on the same day, shortly thereafter" he injured his heart. But there were not two separate and distinct accidents on May 8. In 73 ND 245, 13 NW2d 610, we stated, "the factual answer is there were not two accidents." Claims #98593 and #100792 were based on the same accident and we pointed out if these claims were for two results from the same accident applicant's remedy was to ask the bureau to reopen this application #98593. We said: "If the hearing is to be considered as an appeal from the decision of the bureau in refusing to allow compensation for a physical condition undisclosed at the time of previous hearings and now discovered, the sole jurisdiction of that matter is with the bureau. There is no appeal from its decision thereon. Lillefjeld v. North Dakota Workmen's Comp. Bureau, 62 ND 388, 244 NW 36."

This rule still holds good. The applicant therefore applied to the bureau to reopen #98593, under the authority of its continuing jurisdiction. The bureau heard the application and decided that the compensation granted in this claim #98593 should not be increased. From such refusal this appeal was taken to the district court.

In Tweten v. North Dakota Workmen's Comp. Bureau, 69 ND 369, 287 NW 304, we held that, "The term 'injury' . . . is broader in its coverage than the laws of many states." When this case at bar was before us in 73 ND 245, 13 NW2d 610, we held, "The injury is the result of the accident, and includes all the effects of the accident. Where an accident expresses itself in two or more results the sum total of these results is the injury for which he is entitled to compensation." This heart affection, according to appellant's own claim herein, is one of the results of the injury received in May 1940; and when the bureau determined that applicant was not entitled to compensation for that alleged factor nor to further compensation its decision is final.

In Lillefjeld v. North Dakota Workmen's Comp. Bureau, 62 ND 388, 244 NW 36, we stated: "Under the Workmen's Compensation Act the bureau, in the exercise of its continuing jurisdiction, may at any time examine into such a case to determine whether further compensation should be allowed or a previous allowance discontinued and there is no appeal from its decision that injuries received have been fully compensated by such allowance."

Section 65–0503, revised code, provides: "The bureau shall have full power and authority to hear and determine all questions within its jurisdiction, *and its decision except as otherwise provided* in chapter 10 of this title, *shall be final."* (Italics ours.)

This exception as set forth in § 65–1001 allowing an appeal, is: "If the final action of the bureau denies the right of the claimant to participate at all in the fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground

going to the basis of the claimant's right, the claimant may appeal . . . ."

This exception is not applicable here. The bureau held the accident arose in the course of the employment and allowed for the injury. The bureau recognized his right and granted him full compensation in claim #98593, according to its judgment and discretion. In Crandall v. North Dakota Workmen's Comp. Bureau, 53 ND 636, 207 NW 551, we show that where the bureau sustains applicant's claim to participation in the fund, and allows him compensation for some factors in the injury and denies compensation for other of the alleged factors of the injury, its decision of disallowance is final thereon and no appeal therefrom can be had.

The appellant claims however that under a provision of § 28-3215 of the Rev Code in the "Administrative Agency, Uniform Practice Act" he has the right of appeal. This section relied upon provides that:

"Any party to any proceeding heard by an administrative agency, *except in cases where the decision of the administrative agency is declared final by any other statute,* may appeal from such decision, etc." (Italics ours.)

Appellant's claim is that the finality attached to the determination of the bureau by § 65-0503 has been nullified by this provision of the Uniform Practice Act; and that the bureau's decision denying compensation for this factor of the injured, alleged to have been unknown when the claim was filed, is not final because it may be set aside by the bureau at any time upon proper showing.

The provisions of this Uniform Practice Act were in effect at the time of the determination of this case in 1943, though no reference was made thereto in the opinion. Its basis is chapter 240 of the session laws of 1941. The provision set forth in § 65-0503 Revised Code to the effect that the decision of the bureau is final except as provided in § 65-1001, and the provision quoted from the Uniform Practice Act were re-enacted and re-adopted when the code was adopted in 1943. Section 28-3215

does not affect or modify the other sections quoted. The result of appellant's contention would be that because of the continuing jurisdiction every decision of the bureau with reference to increase or decrease of compensation is reviewable on appeal.

The bureau has the sole power to determine the amount of compensation. There is no authority to review this feature. Such a decision, while not final as to the amount so as to prevent the bureau from changing it, is final in the jurisdictional sense of review and is so "declared final" by another statute. The district court was correct in dismissing the appeal and therefore the order is affirmed.

CHRISTIANSON, Ch. J., and MORRIS, BURKE and NUESSLE, JJ., concur.