[File No. 7203]

OTTO KRUEGER, Commissioner of Insurance of the State of North Dakota, Appellant, v. AMERICAN CHRISTIAN MUTUAL LIFE INSURANCE COMPANY, Respondent.

(43 NW2d 676)

Opinion filed July 29, 1950

*Wallace E. Warner,* Attorney General and *Robert A. Alphson,* Assistant Attorney General, for appellant.

*Bangert & Bangert,* for respondent.

MORRIS, J. The Insurance Commissioner of the State of North Dakota filed in the District Court of Burleigh County, a petition seeking an order to show cause why he should not take possession of the American Christian Mutual Life Insurance Company and conduct its business and why such other relief as the nature of the case and the interests of the public, policyholders, and creditors of the company may require should not be granted. After setting forth the incorporation of the defendant company under the laws of North Dakota with its principal place of business in the city of Fargo the petition alleges:

II. "That the Commissioner of Insurance, Otto Krueger, pursuant to provisions of the statute, conducted an examination of the company as to its condition and affairs as of September 30, 1949, at its home office located at 124 Roberts Street, Fargo, North Dakota. The examination report is attached hereto marked Exhibit 'A'.

III. That on the 14th day of January, 1950, the Commissioner of Insurance caused to be served on Miss Annette Hanson, President of the American Christian Mutual Life Insurance Company, a notice and order directing the company and its agents to cease and desist from issuing any new policies of insurance of any class until its funds become equal to its liabilities, which notice and order was given pursuant to Section 26–1111 of the North Dakota Revised Code of 1943. This order attached hereto is marked Exhibit 'B'.

IV. That the American Christian Mutual Life Insurance Company has failed, refused and neglected to cease and desist from issuing any new policies of insurance and the company still does issue new policies of insurance, all in violation of the statutes in such case made, provided and decided.

V. That the Commissioner of Insurance caused to be served on Miss Annette Hanson, President of the American Christian Mutual Life Insurance Company, on January 14, 1950, an order to make good the deficiency in assets of the company as shown by the examination report within thirty days after the date of the order. That thirty days have elapsed since the service of the order and the American Christian Mutual Life Insurance Com-

pany has failed, refused and neglected and still does fail, refuse and neglect to observe the order referred to in paragraph III to make good the deficiency and impairment in the company's reserve and assets.

VI. That the Commissioner of Insurance caused to be served on Miss Annette Hanson a copy of the examination report of the company as of September 30, 1949, on the 14th day of January, 1950, in which report the Commissioner of Insurance set forth the net value of all policies which such company has in force. That thirty days have elapsed since such company had such notice and the American Christian Mutual Life Insurance Company has failed, refused and neglected and still does fail, refuse and neglect to deposit with the Commissioner of Insurance the amount of such ascertained value in securities of the kinds specified in Section 26–0811 of the North Dakota Revised Code, all in violation of the law in such cases made, provided and decided.

VII. That the company has been found, after an examination, to be in such condition that further transaction of business by it will be hazardous to its policyholders, creditors and the public.

VIII. That the company has wilfully violated the laws of this state.

IX. That the company has been found, after an examination, to be in such condition that it could not meet the requirements of incorporation or authorization under the laws of North Dakota.

X. That the American Christian Mutual Life Insurance Company of Fargo, North Dakota, is insolvent."

Sec. 26–1111 RCND 1943 referred to in the petition and in the order exhibit "B" attached thereto reads as follows: "When the actual funds of a domestic life insurance company, exclusive of its capital, are not of a net cash value equal to its liabilities, the Commissioner of Insurance shall notify such company and its agents to issue no new policies until its funds become equal to its liabilities."

The court issued an order to show cause under the allegations of the petition returnable on March 22, 1950, and in the meantime the defendant was restrained from disposing of its prop-

erty. On March 11, 1950, the defendant interposed a written special appearance objecting to the jurdisdiction of the court upon these grounds:

I. "That the petition and application herein is based upon a purported report of an examination of the defendant which appears as Exhibit 'A' herein and a purported 'Order' of the plaintiff appearing herein as Exhibit 'B'.

II. That the Insurance Department of the State of North Dakota is an 'Administrative agency' within the term as it is defined in Chapter 28-32 in the North Dakota Revised Code and that the 'Order' herein is within the contemplation of the said Act and that the decision of the agency upon which said order is based is such a decision as is contemplated by Section 28-3208.

III. That the plaintiff herein has at no time given the defendant an opportunity to appear or be heard and to present evidence prior to the making of the aforesaid decision.

IV. That until the plaintiff has given the defendant an opportunity to be heard as is provided in the aforesaid Administrative Agencies Uniform Practice Act and a decision following such hearing has been made, the plaintiff is without authority to issue the purported Order Exhibit 'B' and that the purported Order is therefore a nullity."

The trial court held that the objection to its jurisdiction was well taken upon the ground that a hearing should have been had before the Insurance Commissioner pursuant to Chapter 28-32 RCND 1943 known as the Administrative Agencies Uniform Practice Act. From a judgment dismissing this proceeding without prejudice the Commissioner appeals.

The Insurance Commissioner based his right to proceed herein on Sec. 26-2102 RCND 1943 which provides:

"Grounds Upon Which Commissioner of Insurance May Petition for Dissolution of Insurance Company; Representation by Attorney General. The commissioner of insurance, or the attorney general representing him, may apply to the district court in and for Burleigh county for an order to show cause why the commisioner should not take possession of any insurance company described in such order and conduct its business, or for

such other relief as the nature of the case and the interests of the public and of the policyholders, creditors, or stockholders of the company may require, whenever it:

1. Is insolvent;

2. Has refused to submit its books, papers, accounts, or affairs to the reasonable inspection of the commissioner or his deputy or examiner;

3. Has neglected or refused to observe an order of the commissioner to make good any deficiency within the time prescribed by him when its capital shall become impaired exceeding fifteen percent thereof if it is a stock company, or if it is a mutual company, when its reserve shall have become impaired;

4. By contract of reinsurance or otherwise, has transferred or attempted to transfer substantially its entire property or business, or entered into any transaction the effect of which is to merge substantially its entire property or business in the property or business of another corporation, association, society, or order without first having obtained the written approval of the commissioner;

5. Is found, after an examination, to be in such condition that further transaction of business by it will be hazardous to its policyholders or creditors, or to the public;

6. Has willfully violated its charter or any law of this state; or

7. Has been found, after examination, to be in such condition that it could not meet the requirements for incorporation and authorization."

He contends that this statute authorizes him to apply to the court for an order authorizing him to take over the affairs of the company without regard to the procedure set forth in the Administrative Agences Uniform Practice Act. On the other hand the defendant asserts that a determination of the Commissioner made in accordance with Chapter 28–32 RCND 1943 is a jurisdictional prerequisite to a petition under Sec. 26–2102 RCND 1943, and argues that the petition "must be based upon a lawful decision of the Commissioner of Insurance that certain facts do exist. He may not use the District Court to determine

whether or not the facts do exist. The language of the statute is clear. The Commissioner may petition the Burleigh County District Court for a proper order of the court 'with reference to a domestic Insurance Company whenever it: 1. Is insolvent', or whenever any one of the other six conditions do exist.

Section 28–3208 supra, requires conventional specification of issues, notice and hearing. It is this failure to comply with the mandate of that statute before commencing a proceeding for receivership to which the respondent took exception by way of special appearance."

The Administrative Agencies Uniform Practice Act was first enacted as Chapter 240, Laws ND 1941 under the title "An Act to Prescribe Uniform Rules of Practice for Administrative Agencies From the Determination of Which an Appeal to the Court is Provided; and to Provide a Uniform Method of Reviewing Determinations of Administrative Agencies by the Courts."

Section 1 of this act declares that for the purposes of the act, " 'Administrative Agency' or 'the agency' shall mean and include any officer, board, commission, bureau, department, or tribunal other than a court, having statewide jurisdiction and authority to make any order, finding, determination, award, or assessment which has the force and effect of law and which by statute is subject to review in the courts of this State;"

The Commissioner of Insurance is an Administrative Agency. See National Farmers Union Life Association v. Krueger, — ND —, 38 NW2d 563. Where the Commissioner makes a determination which is by statute subject to review in the courts of this state he must follow the practice prescribed by the act (Chapter 28–32 RCND 1943 as amended by SLND 1945 Chapter 218 and 219). The question here is whether the Commissioner of Insurance in arriving at a determination to apply to the District Court of Burleigh County for an order to show cause why he should not take possession of the American Christian Mutual Life Insurance Company under the provisions of Sec. 26–2102 RCND 1943 must give the notice required by and hold a hearing pursuant to the Administrative Agencies Uniform Practice Act.

Statutory authority for the Commissioner of Insurance to

apply to the court for an order directing him to take over the affairs of a domestic insurance company was first provided for by Chapter 150 Session Laws ND 1925 entitled, "An Act Designating the Commissioner of Insurance as Receiver of Insolvent Domestic Insurance Companies, Outlining the Procedure in Dissolution of Such Companies, and Defining the Commissioner's Powers and Duties as Such Receiver." Prior to that time the court was authorized to appoint agents or receivers to take possession of the property of insurance companies under certain conditions and to settle their affairs according to the course of proceedings in equity. See Sec. 4925 Compiled Laws ND 1913 as amended by Chapter 40 Special Session Laws ND 1919. At no time does it appear that the Commissioner of Insurance was authorized to make official determinations of insolvency that were reviewable in the courts. He could not take possession of an insurance company, its business or property, for any of the reasons set forth in Sec. 26–2102 RCND 1943 unless and until he had been authorized so to do by the District Court. That section authorizes him to go into the District Court of Burleigh County and ask the court to vest in him powers in the nature of a receiver. In other Sections of the same chapter the proceedings are referred to as a receivership and "the District Court of Burleigh County may require the Commissioner of Insurance or the person acting as a deputy in the liquidation proceedings to file a bond as in other receiverships." Sec. 26–2104 RCND 1943. The Commissioner has all of the general powers of a receiver together with certain statutory authority and is accountable to the court for his actions in the premises. Sec. 26–2109 RCND 1943. The statutes under consideration clearly authorize the Commissioner to institute an action in the nature of receivership proceedings when he deems it to be to the best interest of the policyholders, creditors or the public, that such action should be taken. No hearing before the Commissioner as an administrative agency is required as a condition precedent to the institution of such an action.

The respondent has cited Langer v. Gray, 73 ND 437, 15 NW2d 732 in which we held that the Administrative Agencies Uniform

Practice Act governed the procedure upon an appeal from an order of the State Tax Commissioner in an income tax matter. It also cites Northern Pacific Railway Company v. McDonald et al., 77 ND 194, 42 NW2d 321 in which we held that act applicable to proceedings before the Public Service Commission for the installation of warning signs at railroad grade crossings or for change of grades at crossings. Both of these cases involved hearings before Administrative Agencies that were prescribed by statute and in both instances the decisions of the agencies were reviewable in the courts.

The respondent also points out that the last section of the Administrative Agencies Uniform Practice Act, Sec. 28–3222 RCND 1943 provides: "the procedure specified in this chapter shall apply to all claims and proceedings filed in or commenced by an administrative agency subsequent to July 1, 1941."

The Administrative Agencies Uniform Practice Act does not purport to provide a resort to the courts where none otherwise exists. It contemplates a determination both before the agency and on appeal, in all matters where the right of review existed or is provided for independently of the act. To hold that Sec. 28–3222 is definitive of the right of review would require administrative agencies to hold hearings and make reviewable determinnations in matters not contemplated by the statutes creating and otherwise governing those agencies. Under such a construction it would provide for reviews by the District Court and appeals to the Supreme Court not contemplated by the Legislature. Many state departments, boards and commissions would be required to hold administrative hearings before bringing suit to recover money due the state and before bringing actions to exercise or vindicate a right of the state as, for instance, the exercise of the power of eminent domain or an action to quiet title. It is clear that the Administrative Agencies Uniform Practice Act does not require an agency to hold a hearing under that act as a condition precedent to instituting a statutory action or proceeding in the courts of this state where none was otherwise contemplated. In this case the Commissioner was not required to hold a hearing in order to determine whether he should

proceed against an insurance company under Sec. 26–2102 and no review by the court was contemplated of his determination to so proceed.

A speedy remedy was provided by an order to show cause. Its nature is indicative of the desirability of action without delay. To require the Commissioner to hold a hearing and make a determination from which an appeal might be taken to the District Court and to the Supreme Court on the preliminary question of whether he should proceed under Sec. 26–2102, would invite delays tending to jeopardize the accomplishment of the obvious purpose of that section to quickly secure and preserve the assets of a faltering insurance corporation. On the other hand public confidence is a major intangible asset of an insurance company. If its soundness is erroneously questioned it is of great importance that its stability be judicially determined without undue delay. Thus we conclude that the Administrative Agencies Uniform Practice Act is not, either expressly or impliedly, applicable to this controversy. The judgment appealed from is reversed and the case is remanded for further proceedings.

NUESSLE, C.J., CHRISTIANSON, BURKE and GRIMSON, JJ., concur.