[File No. 7210]

DAKOTA NATIONAL INSURANCE COMPANY, Appellant, v. COMMISSIONER OF INSURANCE OF THE STATE OF NORTH DAKOTA, Respondent.

(54 NW2d 745)

Opinion filed September 6, 1952

*Johnson & Rausch,* for appellant.

*Wallace E. Warner,* Attorney General, and *Robert A. Alphson,* Assistant Attorney General, for respondent.

BURKE, J. The defendant, Commissioner of Insurance, denied the petitioning Insurance Company a certificate of compliance with the laws of North Dakota relating to the organization and qualification of insurance companies. As stated in his letter rejecting petitioner's application for such certificate, the ground upon which the Commissioner's denial was based was, "that Mr. J. Roberts Hann, President and Treasurer and principal stockholder of the Dakota National Insurance Company was a member of the Board and Director of Insurance for the American Christian Mutual Life Insurance Company

of Fargo, North Dakota, which company has been currently under examination by this office. Because of this connection, and being fully informed of the present state of affairs of the American Christian Mutual Life Insurance Company, I do not believe that I can conscientiously and properly issue a Certificate of Authority to the Dakota National Life Insurance Company until further developments in the affairs of the American Christian Mutual Life Insurance Company."

The language used by the Commissioner makes it clear that his reason for denying the petitioner's application was his lack of confidence either in the integrity or business ability of the principal managing officer of the corporation, not that petitioner had not complied with the law.

Upon receipt of the letter denying its application, petitioner initiated this proceeding, demanding a writ of mandamus directing the Commissioner to issue it a certificate of compliance.

The Commissioner demurred to the petition. The trial court sustained the demurrer and the defendant has appealed from the order sustaining the demurrer.

In the court below it was contended by the Commissioner, (1) that the granting of a certificate of compliance required the exercise of discretion on his part and mandamus will not lie to control the discretion of an administrative officer, and (2) that plaintiff had an adequate remedy at law by appeal. The petitioner contended, (1) that since it had complied with all the requirements prescribed by statute as prerequisites to the issuance of a certificate of compliance it was the Commissioner's ministerial duty to issue it, and (2) that petitioner had no adequate remedy at law. The trial court sustained the demurrer upon the ground that petitioner had an adequate remedy at law.

We shall direct our attention first to petitioner's contention that it had no adequate remedy in the ordinary course of law. Concerning this issue respondent contends that petitioner had an adequate remedy by appeal under the provisions of Chapter 28–32 NDRC 1943. Chapter 28–32 was first enacted as Chapter 240, Laws of ND 1941. The title of the act is:

"An Act to prescribe uniform rules of practice for adminis-

trative agencies from the determination of which an appeal to the Court is provided, and to provide a uniform method of reviewing determinations of administrative agencies by the Courts."

Section 1 of Chapter 240, supra, (Sec. 28–3201 NDRC 1943) defines an administrative agency as "any officer, board, commissioner, bureau, department, or tribunal other than a court having state-wide jurisdiction and authority to make any order, finding, determination, award, or assessment which has the force and effect of law *and which by statute is subject to review in the courts of this state:*"

The language of the title and first section of the statute clearly indicate that its purpose was not to grant a right of appeal but merely to regulate the procedure in cases where a right of review was granted expressly by other statutes. As stated in Krueger v. American Christian Mutual Life Insurance Co., 77 ND 436, 43 NW2d 676.

"The Administrative Agencies Uniform Practice Act does not purport to provide a resort to the courts where none otherwise exists."

The Commissioner of Insurance has pointed to no statute which grants a right of review of his decision refusing a certificate of compliance with the law. Our own search has revealed none. It follows that a right of review of such decision in the ordinary course of law does not exist.

From the fact that a right of review in the ordinary course of law does not exist, it does not necessarily follow that the remedy by mandamus is available. Petitioner must also show that it has a clear legal right to the performance of the act sought to be compelled. State ex rel. Eckroth v. Borge, 69 ND 1, 283 NW 521; Bismarck Tribune Co. v. Wolf, 64 ND 656, 255 NW 569; Strauss v. Costello, 29 ND 215, 150 NW 874.

The question then is, does the petitioner here allege facts, which if established would demonstrate such a clear legal right.

Summarized the allegations of the petitioner are: that petitioner has complied with all the statutory prerequisites to the issuance of a certificate of compliance, including the necessary filing of its articles of incorporation and the payment or tender

of payment of the fees required by law; that upon such compliance, it was the clear duty of the Commissioner of Insurance to issue to the defendant his certificate that defendant had complied with the law; that the Commissioner of Insurance arbitrarily refused to issue such certificate in disregard of a clear statutory mandate that he do so.

Section 26-0805 NDRC 1943, prescribes the contents of the Articles of Incorporation of insurance corporations of the class to which the petitioner belongs. It provides that such articles shall be filed with the Secretary of State and a certified copy there be filed with the Commissioner of Insurance.

Section 26-0807 NDRC 1943 provides:

"The articles of incorporation shall be examined by the attorney general and if found conformable to this chapter and not inconsistent with the constitution and laws of this state, shall be certified by him to the commissioner of insurance, who thereupon shall make an examination to ascertain whether the company in all respects *has complied with the requirements of law* according to the nature of the business proposed to be transacted by it. If he is satisfied by such examination that the corporation *has complied with the law, he shall deliver to it a certified copy of the articles of incorporation and a certificate to the effect that such corporation has complied with all requirements of law,* which, on being filed in the office of the register of deeds of the county where the principal office of the corporation is located, shall be its authority to commence business and issue policies. Such certified copy of the articles of incorporation and of the certificate may be used for or against such company with the same effect as the originals and shall be conclusive evidence of the fact of the organization of the corporation described therein."

This section of the code uses mandatory language. It provides that the Commissioner of Insurance shall ascertain if the company had complied with all the requirements of law and if he is satisfied that the company has complied with the law he *shall* deliver to it the certificate which, when filed in the office of the proper Register of Deeds, becomes its authority to commence business.

Giving this language its ordinary meaning, it seems clear to us that the exercise of discretion by the Commissioner of Insurance in the issuance of such certificates is limited to a determination of whether an insurance company has complied with the statutes and that when such a company has complied with all of the statutory prerequisites, it is the Commissioner's duty to issue a certificate that it has so complied. This certificate certifies to nothing more than that a company has complied with the law. The legislature has determined that such a compliance authorizes an insurance company to commence doing business.

If, as is alleged in this proceeding, the petitioner has complied with all the statutes with respect to the organization and qualification of insurance companies, and the Commissioner has refused to issue it a certificate that it has so complied, his refusal is clearly in violation of the duty imposed on him by the statute and mandamus is the proper remedy to compel performance of that duty.

The order of the trial court sustaining the demurrer to the petitioner herein is accordingly reversed.

MORRIS, C.J., and GRIMSON and CHRISTIANSON, JJ., concur.

SATHRE, J., did not participate.