**KNOEFLER HONEY FARMS, Harold R. Knoefler, and Bee Industry Services, David M. Prowell, Plaintiffs and Appellants,**

v.

**Myron JUST, Commissioner of Agriculture, and State of North Dakota, Defendants and Appellees.**

**Civ. No. 9471.**

Supreme Court of North Dakota.

Oct. 4, 1978.

William S. Murray, Bismarck, for plaintiffs and appellants.

Allen I. Olson, Atty. Gen., and Sherrilyn Sperling Smith, Sp. Asst. Atty. Gen., Bismarck, for defendants and appellees; argued by Sherrilyn Sperling Smith, Bismarck.

ERICKSTAD, Chief Justice.

By complaint dated August 4, 1977, an action was initiated by the Commissioner of Agriculture, among other things, to enjoin Knoefler Honey Farms (hereinafter Knoefler) from violating Chapter 4–12, N.D.C.C., and regulations of the North Dakota Department of Agriculture relating to the transportation and keeping of bees.[1] A hearing was held before an examiner of the Department of Agriculture on September 23, 1977, and by an order approved by the Commissioner of Agriculture on October 10, 1977, most of the relief demanded in the complaint was granted. Knoefler appealed from that decision to the district court and the district court dismissed the appeal for lack of jurisdiction under the Administrative Agencies Practice Act, Section 28–32–01(1), N.D.C.C. We affirm.

The facts in this case are undisputed. Knoefler brought bees and equipment into the State of North Dakota without securing a certificate of health or a permit from the State Bee Inspector for such transportation, contrary to Sections 4–12–03, 4–12–21, and 4–12–22, N.D.C.C., and Regulation 5 of the Beekeeping Rules and Regulations of the Department of Agriculture. Knoefler also established unregistered apiary sites in violation of Section 4–12–03.1, N.D.C.C., and Regulations 4 and 17 of the Beekeeping Rules and Regulations of the Department

---

1. The action was also brought against David M. Prowell of Bee Industry Service who was found to have acted as an agent, partner, or employee of Knoefler with respect to the beekeeping activities of Knoefler.

of Agriculture. Section 4–12–03.1, N.D. C.C., prohibits, with certain exceptions, the establishment of any new commercial location within two miles of another commercial location.

Knoefler apparently violated the statutes and directives of the Department of Agriculture in order to challenge the constitutionality of the law, rules, and regulations in question. The Commissioner of Agriculture sought to revoke Knoefler's license, confiscate his bees, brood, beekeeping appliances and equipment, and to have him cease and desist from any further operation of his apiaries until he complied with the laws, rules and regulations. The hearing examiner granted the relief prayed for in the complaint with the exception of the request for confiscation which was not granted.

Knoefler appealed to the district court contending that Section 4–12–03.1, N.D. C.C., and Regulation 4 of the Beekeeping Rules and Regulations were unconstitutional.

Both parties in the appeal to the district court submitted briefs on the constitutional issues involved. The district court, however, on its own motion, dismissed the appeal for lack of jurisdiction under the Administrative Agencies Practice Act, Section 28–32–01(1), N.D.C.C. Thus, we are initially presented with a jurisdictional question: Does the district court have jurisdiction of an appeal from a decision of a hearing examiner of the Department of Agriculture, which decision was approved by the Commissioner of Agriculture, involving the meaning of Chapter 4–12, N.D.C.C., and the rules and regulations imposed pursuant thereto?

■ To answer this question, we must determine whether or not the Administrative Agencies Practice Act, Chapter 28–32, N.D.C.C., is applicable. Administrative agencies have become an essential and accepted part of state government, and the Act is designed to provide for consistency among the various agencies and fair procedural methods for all persons affected. North Dakota's Uniform Practice Act was adopted in 1941, and was one of the first of the general remedial acts. *See*: Model

State Administrative Procedure Act, 13 U.L.A. Supp. at 347; *Johnson v. Elkin*, 263 N.W.2d 123, 131 (N.D. 1978), Pederson, J., concurring specially.

■ For the Act to apply, the agency in question must qualify as an "administrative agency" as defined by Section 28–32–01(1) of the Act. This section provides that an "administrative agency" includes "any officer, board, commission, bureau, department, or tribunal other than a court, having statewide jurisdiction and authority to make any order, finding, determination, award, or assessment which has the force and effect of law and which by statute is subject to review in the courts of this state."

In dismissing the case for lack of jurisdiction, the district court held that the agency's determination in this case was not "subject to review in the courts of this state" and therefore could not be considered an administrative agency for purposes of Chapter 28–32, N.D.C.C. The district court cited two North Dakota opinions as authority for this position: *Dakota Nat. Ins. Co. v. Commissioner of Insurance*, 79 N.D. 97, 54 N.W.2d 745 (1952), and *Krueger v. American Christian Mutual Life Ins. Co.*, 77 N.D. 436, 43 N.W.2d 676 (1950).

In *Krueger*, the Insurance Commissioner filed a petition in district court seeking an order to show cause why he should not take possession of an insurance company pursuant to a state statute. The defendant objected to the court's jurisdiction, among other things, on the grounds that the insurance department is an "administrative agency" as defined in Chapter 28–32 and asserted that the defendant must be given an opportunity to be heard pursuant to the Administrative Agencies Uniform Practice Act (now Administrative Agencies Practice Act) before any action could be taken by the district court. This court held that the Insurance Commissioner could proceed without following the dictates of the Act because the Commissioner's actions were authorized by another statute. The Act was found inapplicable even though the Commissioner of Insurance was considered an administrative officer and his department an administrative agency. Thus, in

*Krueger* the Administrative Agencies Uniform Practice Act was found inapplicable because the Insurance Commissioner was given the powers of a receiver by another statute, which powers were found to exist independently of the Act.

In the present case, we are concerned with whether or not the Department of Agriculture is to be considered an administrative agency (pursuant to Section 28–32–01(1) of the Act) when it is functioning in its bee-regulating capacity. It should be noted that *Krueger* does contain language that could arguably be used to support the district court's finding of no jurisdiction. In *Krueger*, we said:

"The Administrative Agencies Uniform Practice Act does not purport to provide a resort to the courts where none otherwise exists. It contemplates a determination both before the agency and on appeal, in all matters where the right of review existed or is provided for independently of the act. To hold that . . . [the Act] is definitive of the right of review would require administrative agencies to hold hearings and make reviewable determinations in matters not contemplated by the statutes creating and otherwise governing those agencies. Under such a construction it would provide for reviews by the District Court and appeals to the Supreme Court not contemplated by the Legislature." 77 N.D. at 443, 43 N.W.2d at 680.

One construction of *Krueger* is that the general must give way to the specific, *i. e.*, the Practice Act must give way to a more specific statute. As was noted in *Krueger*, "the Administrative Agencies Uniform Practice Act does not require an agency to hold a hearing under that Act as a condition precedent to instituting a statutory action or proceeding in the courts of this state where none was otherwise contemplated."

In *Dakota Nat. Ins. Co.*, the Commissioner of Insurance denied the petitioning insurance company a certificate of compliance with the laws of North Dakota relating to the organization of insurance companies. The insurance company petitioned the district court for a writ of mandamus to compel the Commissioner to issue the certificate. The district court sustained the Commissioner's demurrer to the petition and the insurance company appealed to this court. The issue presented on appeal was whether or not the petitioner had an adequate remedy at law by virtue of the appeal process under the provisions of the Act. If it had an adequate remedy at law, it could not qualify for mandamus relief. In determining that issue, this court interpreted Section 28–32–01(1), N.D.R.C. (1943) (identical to Section 28–32–01(1), N.D.C.C.), and held that "its purpose was not to grant a right of appeal but merely to regulate the procedure in cases where a right of review was granted expressly by other statutes." 79 N.D. at 102, 54 N.W.2d at 747. As this court could find no statute that granted a right of review of the Insurance Commissioner's decision, the Act was found inapplicable; and as the petitioner was held not to have an adequate remedy at law and to have a clear legal right to the performance of the Act sought to be compelled, the petitioner was found entitled to relief through mandamus.

The State submits that *Krueger* and *Dakota Nat. Ins. Co.* are dispositive of the present situation, and the district court's dismissal of the action should be affirmed. Two other recent opinions also seem pertinent.

■ In *Application of Bank of Rhame*, 231 N.W.2d 801 (N.D. 1975), we noted the application of Section 28–32–01(1), N.D.C.C., in a banking matter. In *Bank of Rhame*, the State Banking Board was found to be an administrative agency. The court held that the express statutory provisions providing for review, as set forth in Section 6–01–05, N.D.C.C., satisfied the requirement of subsection (1) of Section 28–32–01. In *Bank of Rhame*, however, we were mostly concerned with determining who was a proper party for purposes of seeking a review or an appeal. We noted therein that the conclusions reached in *Dakota Nat. Ins. Co.* and *Krueger* did not apply because those cases were concerned primarily with the question of whether or not a review or appeal was available. Thus, we have apparently recently concluded that *Krueger*

and *Dakota Nat. Ins. Co.* stand for the proposition asserted by the district court in this case.[2]

In another recent opinion we found the Administrative Agencies Practice Act inapplicable because the agency in question did not qualify as an administrative agency within Section 28–32–01(1), N.D.C.C. In *Halldorson v. State School Const. Fund*, 224 N.W.2d 814 (N.D. 1974), a number of taxpayers of a school district brought an action in district court against the State Board of Public School Education in its capacity as the State School Construction Fund Board, challenging the legality of a loan made by the Construction Fund Board to the school district, and seeking to enjoin the disbursement of the loan funds. After a trial, the district court found that the taxpayers were not entitled to relief and dismissed the action. On appeal to this court, the taxpayers argued that the State Board of Public School Education, while acting as the board that administered the state school construction fund, was an administrative agency within the terms of the Administrative Agencies Practice Act, and therefore the Act's requirements of notice to interested parties and records of the proceedings should apply. After a hearing on the merits, we affirmed the district court's determination holding the Administrative Agencies Practice Act inapplicable.

In affirming the district court's decision, we held that the State Board of Public School Education, under the circumstances presented, was not an administrative agency within the meaning of Section 28–32–01(1), N.D.C.C. Thus, this court held that the notice and other requirements of the Practice Act did not apply to the dealings before the Board in its capacity as Construction Fund Board. Even though the "Board" was not found to be an administrative agency within Section 28–32–01(1), N.D.C.C., we accepted jurisdiction and decided the merits. It is important to note that the taxpayers commenced their action

for injunctive relief in district court in *Halldorson*, whereas the Commissioner commenced his action for injunctive relief by filing a complaint with his department in the instant case.

■ Without deciding whether or not it was appropriate to initiate the proceeding as was done in this case, or whether or not the Commissioner should have instead applied to the district court for appropriate relief, we affirm the judgment of the district court. Notwithstanding this conclusion, we believe it important to briefly comment additionally.

In dismissing the appeal for lack of jurisdiction, the district court noted that the decisions of an administrative agency may be subject to judicial scrutiny even though no statutory right to an appeal is found. The district court suggested that extraordinary remedies may be available, and cited *Dakota Nat. Ins. Co., supra*, as an example of an extraordinary remedy. The district court also noted that the constitutional questions raised in this action could be decided through a declaratory judgment action and cited *Ralston Purina Co. v. Hagemeister*, 188 N.W.2d 405 (N.D. 1971).

In affirming the judgment of the district court, we emphasize that this disposition is without prejudice to the right of Knoefler to pursue such other remedies as may be available to him to test the validity of the order appealed from in this case.

SAND, PAULSON and PEDERSON, JJ., and EUGENE A. BURDICK, District Judge, concur.

The Honorable EUGENE A. BURDICK, District Judge, sitting in place of The Honorable GERALD W. VANDEWALLE, Justice, disqualified.

---

**2.** It should be noted that all of the requirements of Section 28–32–01(1), N.D.C.C., must be satisfied before the agency in question can be considered an administrative agency. See, for example, *Sloven v. Olson*, 98 N.W.2d 115 (N.D.

1959) in which the City Commission did not qualify as an administrative agency as defined by Section 28–32–01(1) because it did not have statewide jurisdiction, although the right to appeal did exist.