**INVESTMENT RARITIES, INC.,**
**Petitioner and Appellant,**

v.

**BOTTINEAU COUNTY WATER RE-SOURCE DISTRICT, North Dakota State Water Conservation Commission, and Vernon Fahy, State Engineer, Respondents and Appellees.**

**Civ. No. 11281.**

Supreme Court of North Dakota.

Dec. 2, 1986.

Janice L. Goldman-Carter (argued) and Charles K. Dayton, of Pepin, Dayton, Herman, Graham & Getts, P.A., Minneapolis, Minn., and Steven C. Lian, of Farhart, Lian, Maxson, Howard & Sorensen, P.C., Minot, for petitioner and appellant.

Murray G. Sagsveen (appearance), of Zuger & Bucklin, Bismarck, for respondent

and appellee Bottineau County Water Resource Dist.

Charles M. Carvell (argued) and Rosellen M. Sand, Asst. Attys. Gen., Bismarck, for North Dakota State Engineer and North Dakota State Water Conservation Com'n, Bismarck, respondents and appellees.

VANDE WALLE, Justice.

Investment Rarities, Inc., appealed from a district court judgment dismissing its appeal from a decision by the North Dakota State Engineer that a proposed drainage project would benefit its land. We affirm.

This case involves a challenge by Investment Rarities to a $9,000 assessment against its property by the Bottineau County Water Resource District [BCWRD] for construction of the White Spur-Stone Creek Drainage Project in Bottineau County. Pursuant to Section 61–16.1–23, N.D.C.C., Investment Rarities appealed that assessment to the State Engineer for a determination of whether it would receive any benefit from the drainage project. Investment Rarities asserted that it purchased the property for the sole purpose of wildlife preservation, and, to that end, executed a perpetual wetland easement to the United States Fish and Wildlife Service prohibiting any wetland drainage of the property. Therefore, Investment Rarities contended it could not legally derive any benefit from the proposed drainage project and should not be assessed any portion of the cost of the project.

The State Engineer determined that the proposed project would provide drainage of Investment Rarities' land and, if drained, would increase the productivity of the land for agricultural purposes and would increase the resale value of the land. The State Engineer concluded that the proposed drainage project would benefit Investment Rarities' land and affirmed the BCWRD's assessment.

Investment Rarities appealed the State Engineer's decision to the district court, contending that the decision was beyond the State Engineer's statutory authority and violated its constitutional rights. The State Engineer and the BCWRD moved to dismiss the appeal, contending that an appeal from the State Engineer's benefit determination was not authorized by law. The district court determined that Section 61–16.1–23, N.D.C.C., did not authorize an appeal from the State Engineer's decision and dismissed Investment Rarities' appeal.

On appeal to this court Investment Rarities contends that the State Engineer's determination exceeded his statutory authority and permitted an unconstitutional taking of its property without just compensation. Investment Rarities asserts that, in order to permit agency actions to be checked by the judiciary, Section 61–16.1–23, N.D.C.C., must be construed to permit judicial review of the State Engineer's decision. Investment Rarities argues that courts have inherent jurisdiction to review and correct the State Engineer's decision and asks that we reverse the dismissal and either remand to the district court for a decision on the merits or that we rule on the merits on the basis of the record before us.

The State Engineer notes that Section 61–16.1–23, N.D.C.C., provides that his decision on benefits is final and contends that, pursuant to Section 28–32–15, N.D.C.C., there is no appeal from an administrative decision declared final by statute.

Section 61–16.1–23, N.D.C.C., provides, in part:

> *"Appeal to state engineer....* Any landowner or political subdivision who or which claims that he or it will receive no benefit at all from the construction of a new project may appeal to the state engineer within ten days after the hearing on assessments, the question of whether there is any benefit. The state engineer shall not determine the specific amount of benefit upon an appeal by an individual landowner or political subdivision, but shall only determine if there is any benefit to the landowner or political subdivision, *and the determination of the state engineer upon such question shall be final."* [Emphasis added.]

Section 28–32–15, N.D.C.C., provides, in part:

"Any party to any proceeding heard by an administrative agency, *except in cases where the decision of the administrative agency is declared final by any other statute*, may appeal from such decision within thirty days after notice thereof has been given, or if a rehearing has been requested as provided herein and denied, within thirty days after notice of such denial has been mailed to him." [Emphasis added.]

An appeal is not a matter of right but a creature of statute, and, therefore, no right to appeal exists unless authorized by statute. E.g., *Jones v. North Dakota Workmen's Compensation Bureau*, 334 N.W.2d 188 (N.D.1983). In *Jones*, we held that the Bureau's decision denying a claimant's request to reopen his claim was not appealable because Section 65–05–04, N.D.C.C., specifically provided that there was no appeal from that decision and Section 28–32–15, N.D.C.C., did not authorize appeals where the decision of the administrative agency was declared final by any other statute. See also, *Schmidt v. North Dakota Workmen's Compensation Bureau*, 74 N.D. 520, 23 N.W.2d 26 (1946).

We conclude that, when read together, Sections 61–16.1–23 and 28–32–15, N.D.C.C.,[1] do not authorize an appeal from a decision by the State Engineer regarding benefits from a proposed drainage project. In reaching this conclusion, we note that a Water Resource Board's decision regarding assessments for drainage projects may be appealed to the district court pursuant to Section 61–16.1–54, N.D.C.C. However, Investment Rarities chose not to avail itself of that alternative remedy and instead appealed to the State Engineer pursuant to Section 61–16.1–23, N.D.C.C.

Our conclusion that the decision of the State Engineer is not appealable does not preclude that decision from being reviewed when there is no appeal allowed. Administrative determinations may be reviewed through special proceedings such as those provided in Sections 32–33–01, 32–34–02, and 32–35–02, N.D.C.C. *Happy Day Day Care Center v. Social Service Bd. of North Dakota*, 313 N.W.2d 768 (N.D.1981) (Pederson, J., concurring specially); *Knoefler Honey Farms v. Just*, 270 N.W.2d 354 (N.D.1978). Although Investment Rarities has requested that we consider this case as a special proceeding, we decline to do so because the district court has not had an opportunity to address that request. Therefore, without deciding any issue as to exhaustion of remedies which might exist in this case, nothing in this opinion should be interpreted to preclude Investment Rarities from using a special proceeding or other appropriate remedy to test the validity of the State Engineer's decision.

The district court judgment dismissing the appeal by Investment Rarities is affirmed.

ERICKSTAD, C.J., and GIERKE, LEVINE and MESCHKE, JJ., concur.

---

**1.** Section 61–03–22, N.D.C.C., authorizes a right of appeal from decisions of the State Engineer except as more specifically provided in Title 61, N.D.C.C., and furthermore provides that the appeal shall be in accordance with chapter 28–32, N.D.C.C. Section 28–32–15, N.D.C.C., authorizes an appeal from a decision of an administrative agency except where that decision is declared final by any other statute. Section 61–16.1–23, N.D.C.C., specifically makes the State Engineer's decision on benefits final for purposes of Section 28–32–15, N.D.C.C. Thus Section 61–03–22 does not authorize an appeal from a determination of the State Engineer made in accordance with Section 61–16.1–23.