**Joseph and Renee VAN INWAGEN, Plaintiffs and Appellants,**

v.

**Wayne G. SANSTEAD, North Dakota Superintendent of Public Instruction, Alice Husfloen, Mercer County Superintendent of Schools, and Hazen Board of Education, Defendants and Appellees.**

**Civ. No. 880318.**

Supreme Court of North Dakota.

May 17, 1989.

Michael P. Farris (argued), Home School Legal Defense Ass'n, Paeonian Springs, Va., and Mahoney & Mahoney, Center, for plaintiffs and appellants. Appearance by Ann C. Mahoney.

James M. Vukelic (argued), Sol. Gen., Atty. General's Office, Bismarck, and Richardson, Isakson & Lange, Hazen, for defendants and appellees; argued by Charles R. Isakson.

ERICKSTAD, Chief Justice.

Joseph and Renee Van Inwagen appealed to the district court from a decision of the State Superintendent of Public Instruction, Wayne Sanstead, denying the Van Inwagens' request that their children be exempted from compulsory school attendance. The district court, concluding that there was no statutory authority for the appeal, dismissed the appeal for lack of jurisdiction. We affirm.

The Van Inwagens initially requested the chairman of the Hazen School Board to exempt their children from compulsory school attendance under Section 15–34.1–03(4), N.D.C.C.:

"15–34.1–03. *Compulsory attendance—Exceptions.* The parent, guardian, or other person having control of a child required to attend school by the provisions of this chapter shall be excused by the school board from causing the child to attend school whenever it shall be shown to the satisfaction of the board, subject to appeal as provided by law, that one of the following reasons exists:

\* \* \* \* \* \*

"4. That the child is in such physical or mental condition as to render attendance or participation in the regular or special education program inexpedient or impracticable. Such condition shall be shown by a declaration of a multidisciplinary team which includes the director of special education of the special education unit of which the school district of residence is a member, the school superintendent of the child's district of residence, the child's classroom teacher, the child's physician, and the child's parent or guardian."

In their letter requesting an exemption the Van Inwagens stated that they have been given "a sacred God-given responsibility to protect, nurture, and instruct" their children and that it would be "a violation of principle and our conscience" to send their children to a public school.

A multidisciplinary team was assembled, as required by Section 15–34.1–03(4), N.D. C.C., and on a three-to-three split vote, it sent the Van Inwagens' request to the Hazen School Board with no recommendation to grant or deny the request. The School Board denied the request for exemption. Pursuant to Section 15–22–17, N.D.C.C., the Van Inwagens appealed the school board decision to Alice Husfloen, Mercer County Superintendent of Schools. Their request for exemption was denied by County Superintendent Husfloen, and the Van Inwagens then appealed, under Section 15–21–07, N.D.C.C., to the State Superintendent, who ultimately denied their request. The Van Inwagens attempt to appeal the State Superintendent's decision to the district court was dismissed for lack of jurisdiction on the ground that there is no statutory right to appeal that decision.

An appeal is a creature of statute, and accordingly, no right of appeal exists unless authorized by statute. *Investment*

*Rarities, Inc. v. Bottineau County Water Resource District,* 396 N.W.2d 746 (N.D. 1986).

The Van Inwagens assert that the right to appeal the decision of the State Superintendent in this case arises under the following statutory provisions, which we quote in relevant part:

> *"15–21–07. Duties—To advise with county superintendents of schools and school boards—Appeals.* The superintendent of public instruction shall ... decide all appeals from decisions of county superintendents of schools, and, for the consideration of such appeals, he may require affidavits, verified statements, or testimony under oath as to the facts in issue, as provided in chapter 28–32. As an administrative agency under chapter 28–32 and following provisions thereof, he shall prescribe, and cause to be enforced, rules of practice and regulations pertaining to the hearing and determination of appeals and such rules and regulations as may be necessary to render effective the school laws of the state."

> *"15–22–17. To decide school controversies—Appeal from decisions of county superintendent.* The county superintendent of schools shall decide all matters in controversy arising in his county in the administration of the school laws or appealed to him from decisions of school officers or boards. An appeal may be taken from his decision to the superintendent of public instruction. In such case, a full written statement of the facts, together with the testimony and the decision of the county superintendent in the case, shall be certified to the superintendent of public instruction for his decision, and such decision shall be final, subject to appropriate remedies in the courts."

> *"28–32–15. Appeal from determination of agency—Time to appeal—How appeal taken.* Any party to any proceeding heard by an administrative agency, except in cases where the decision of the administrative agency is declared final by any other statute, may appeal from such decision...."

We disagree with the Van Inwagens' assertion that the foregoing statutes authorize their appeal in this case from the State Superintendent's decision.

Pursuant to Section 28–32–01(1)(q), the Superintendent of Public Instruction is not an administrative agency except with respect to rules prescribed under Section 15–21–07, N.D.C.C., and rules relating to teacher certification or professional codes and standards. This is not an appeal from the rulemaking function of the State Superintendent, but rather an appeal from State Superintendent's review of a decision made by a county superintendent. Consequently, Section 28–32–15, N.D.C.C., which authorizes appeals from administrative agency decisions, is not applicable to these proceedings. Even if applicable, however, Section 28–32–15, N.D.C.C., would not authorize an appeal in this case, because the State Superintendent's decision, upon reviewing a decision of a County Superintendent, is declared "final" under Section 15–22–17, N.D.C.C. Pursuant to Section 28–32–15, N.D.C.C., administrative agency decisions which are statutorily declared to be final decisions are not appealable. *Investment Rarities, Inc., supra,* 396 N.W.2d at 748.

The language under Section 15–22–17, N.D.C.C., which provides that the State Superintendent's decision is "subject to appropriate remedies in the courts" does not authorize an appeal from the State Superintendent's decision. That language merely declares that separate proceedings may be brought in the courts for an appropriate remedy. *See Kessler v. Board of Education,* 87 N.W.2d 743 (N.D.1958); *Zenith School District No. 32 v. Peterson,* 81 N.W.2d 764 (N.D.1957). When the Legislature intends to create a right of appeal from a decision of a governmental body to the district court it is capable of doing so in a clear and unequivocal manner. *See, e.g.,* Section 15–27.2–04(11), N.D.C.C. ("...A decision of the state board [of public school education] with respect to a proposed annexation may in turn be appealed to the district court of the judicial district in

which the territory proposed is located in accordance with chapter 28–32.")

We agree with the conclusion of the district court that there is no statutory authorization for an appeal in this case. Accordingly, the district court's judgment dismissing the appeal is affirmed.

GIERKE, VANDE WALLE and LEVINE, JJ., concur.

VANDE WALLE, Justice, concurring specially.

Prior to 1981 (see 1981 N.D.Laws Ch. 337), when the Legislature specifically excluded the Superintendent of Public Instruction from the definition of an administrative agency contained in Section 28–32–01, N.D.C.C., it might have been arguable that the Superintendent of Public Instruction was an administrative agency, within the statutory definition of that term, for the purpose of Section 15–21–07, notwithstanding the "finality" language of Section 15–22–17, N.D.C.C. Prior to 1981, Section 28–32–01 defined an administrative agency to include "any officer ... having statewide jurisdiction and authority to make any order, finding, determination, award, or assessment which has the force and effect of law *and which by statute is subject to review in the courts of this state.*" [Emphasis supplied.] But this court held that the language of the title and first section of the Act "clearly indicate that its purpose was not to grant a right of appeal but merely to regulate the procedure in cases where a right of review was granted expressly by other statutes." *Dakota Nat. Ins. Co. v. Commissioner of Insurance,* 79 N.D. 97, 54 N.W.2d 745, 747 (1952), citing *Krueger v. American Christian Mutual Life Ins. Co.,* 77 N.D. 436, 43 N.W.2d 676, 680 (1950). Thus Section 28–32–15 did not grant a right of appeal but merely regulated the right of appeal where that right was granted by a separate statute. More significantly, for our purposes, the court in *Dakota Nat. Ins. Co.,* 54 N.W.2d at 747, construed the term "review" to mean that it must be "a right of review of such decision in the ordinary course of law ..." Because the decision of the Insurance Com-

missioner in that case was not appealable in the ordinary course of law, the court concluded that a writ of mandamus was available. It therefore became apparent that a "review" of an agency decision by extraordinary process such as mandamus, prohibition, or certiorari was not the type of review contemplated by the Administrative Agencies Practice Act nor, presumably, by Section 15–22–17.

Accordingly, prior to 1981, as a result of the previous decisions of this court, determinations of the Superintendent of Public Instruction under Sections 15–21–07 and 15–22–17 were not appealable in the ordinary course of law. But, as the Report of the interim Administrative Rules Committee of the Legislative Council indicated in 1981, "One of the requirements not readily understood is that an agency's decision is one 'which by statute is subject to review in the courts of this state.' In many instances laws administered by an agency do not provide for appeal or judicial review of administrative decisions. Under these circumstances, the agency is not an 'administrative agency' and is not subject to the provisions of Chapter 28–32." Page 13, Report of the North Dakota Legislative Council, Forty-seventh Legislative Assembly, 1981. The report identified a number of agencies, including the Superintendent of Public Instruction, which were not administrative agencies because they were not within the definition of an administrative agency. The Committee recommended a bill, HB 1042, codified as 1981 N.D.Sess. Laws Ch. 337, which amended Section 28–32–01 to redefine administrative agency "to include every administrative unit of the executive branch of state government. The new definition specifically excepts those agencies or functions currently excepted from the present definition due to an Attorney General's opinion or a Supreme Court decision. Thus the bill does not change the present application of Chapter 28–32 to those agencies or functions ..." Page 14, Report of the Legislative Council. Thus any lingering doubt was removed by the 1981 enactment which, as the majority opinion notes, expressly excludes from the definition of an administra-

tive agency the Superintendent of Public Instruction "except with respect to rules prescribed under section 15–21–07, rules relating to teacher certification, and rules relating to professional codes and standards approved under section 15–38–18."

Although the Administrative Agencies Practice Act has been amended numerous times in recent legislative sessions, Section 15–21–07 has not been amended since 1961 (1961 N.D.Laws Ch. 158, sec. 5), at which time references to Chapter 28–32 were included respecting taking testimony under oath and the prescribing of rules, and Section 15–22–17 has not been amended since its inclusion in the Compiled Laws of 1913. Insofar as the language in Section 15–21–07 referring to the Superintendent of Public Instruction "as an administrative agency under chapter 28–32" might be construed to include more than certain rule-making functions, it is superseded by the much later and specific exclusion of the Superintendent of Public Instruction from the definition of an administrative agency in 1981.

It remains quite clear, however, that rules concerning the appeals from the county superintendents of schools to the State Superintendent of Public Instruction are subject to the Administrative Agencies Practice Act and are to be prescribed and enforced. That is the plain wording of Section 15–21–07, reinforced by the action of the 1981 Legislative Assembly in excepting that rule-making function from the exclusion of the Superintendent of Public Instruction from the definition of an administrative agency. The North Dakota Administrative Code reveals rules promulgated at Chapters 67–02 and 67–03 for teacher certification and educator's code of ethics, respectively, both of which are referred to in Section 28–32–01(1)(q) but no rules implementing Section 15–21–07 which is also referred to therein. No such rules were promulgated, we were told at oral argument, because the procedure has seldom, if ever, been used.

I agree that an appeal under the Administrative Agencies Practice Act from a decision of the Superintendent of Public In-

struction on the merits is final and is not a method whereby the lack of rules can be attacked. However, it is apparent that the lack of rules obfuscated the issues to be considered by the Superintendent of Public Instruction. If the procedures specified in Sections 15–21–07 and 15–22–17 are archaic the statutes should be repealed; otherwise, rules should be promulgated to implement the procedure as provided by those statutes and Section 28–32–01(1)(q).

MESCHKE, Justice, concurring.

I concur with the majority opinion as supplemented by the concurring opinion of Justice VandeWalle. The legislative background of these statutes reinforces the reasoning of the *Investment Rarities* decision, cited in the majority opinion as controlling.

I write separately to notice an issue not dealt with in the majority opinion. The trial court cited *Investment Rarities* for its ruling: "When declared final, the Court has no judicial review authority" over decisions by the North Dakota Superintendent of Public Instruction. On appeal to this court, Van Inwagens did not at first confront the *Investment Rarities* analysis. Finally, in their Reply Brief, Van Inwagens suggested that they "did ask the district court to consider this matter as a special proceeding" but referred us only to their original "Appeal From Administrative Decision."

Their Appeal to the district court primarily sought the exemption or a remand for a new administrative hearing, rather than seeking special judicial relief. Neither certiorari (NDCC ch. 32–33), mandamus (NDCC ch. 32–34), nor prohibition (NDCC ch. 32–35) were identified as being sought in that "Appeal."

Thereafter, however, Van Inwagens sought to amend their "Appeal" to include a claim for mandamus. The trial court denied this motion in its ruling. Van Inwagens did not identify or develop a mandamus issue in their appeal to this court. Therefore, I concur in the silent ruling of

the majority opinion that this separate issue did not merit our decision.[1]

As in *Investment Rarities*, today's decision does not preclude any person from seeking a special proceeding or other appropriate remedy to test the validity of action by the North Dakota Superintendent of Public Instruction, nor do we decide any issue of exhaustion of remedies.

1. North Dakota has now authorized supervised home schooling. House Bill No. 1421 of the 1989 Legislative Assembly, as amended, enacted, and signed by Governor Sinner on April 7, 1989.