[File No. 7275]

COUNTY OF PEMBINA, STATE OF NORTH DAKOTA, a Public Corporation, Respondent, v. ALBERT NORD, Appellant.

(49 NW2d 665)

Opinion filed October 31, 1951.  Rehearing denied November 23, 1951

*Day, Stokes, Vaaler & Gillig,* for appellant.
*W. T. DePuy, T. I. Dahl,* and *F. S. Snowfield,* for respondent.

CHRISTIANSON, J. The object of this action is to condemn a strip of land adjoining an established public drain in Pembina County, known as Drain No. 20. The county seeks to acquire a right-of-way and easement over said strip of land to the end that it may be used incident to the cleaning out and repairing of said Drain No. 20. The defendant Nord is the record title owner of the strip of land sought to be condemned. He interposed a demurrer to the complaint on the grounds "that said plaintiff is without legal capacity, power and/or right to sue in said action or proceeding; that said complaint does not state facts sufficient to constitute a cause of action against the defendants or to justify the relief sought against them." The trial court overruled the demurrer. Thereafter the defendant Nord made application for leave to answer the complaint. In such application the defendant stated that the demurrer had been interposed in good faith. He further stated that defendant's answer, among others, would contain allegations denying generally all facts alleged in the complaint except such as were specifically admitted therein; also that it would assert that no public need existed for the taking of the property. The trial court made an order denying the application for leave to answer and the defendant Nord has appealed.

In the complaint in this case it is alleged that the plaintiff is a public corporation duly created and existing under and by virtue of the laws of this state; that the defendant, Albert Nord, is the record title owner of the premises; "that Drain No. 20 is an established public drain running in and through said Pembina County for the purpose of draining excess flood, surface and run-off waters therefrom and that the said Drain No. 20 is under the charge and jurisdiction of the Board of County Commissioners of said Pembina County, which board is charged with the mandatory duty to keep said drain open and in good re-

pair. That heretofore the said Board of County Commissioners, acting for and on behalf of said Pembina County, made its order for the repair and cleaning of said Drain No. 20. That the plaintiff herein, as such public corporation, desires to condemn the lands and premises hereinafter described and desires to acquire right-of-way thereto for the following uses, purposes and reasons, to-wit: For the purpose of cleaning out and repairing said Drain No. 20 by reason of which said lands and premises will be inundated by flood, surface and run-off waters and the same will be used as right-of-way for said drain, all for the beneficial public use, to-wit: The drainage of lands and premises in proximity to said drain and lands and premises situated in said Pembina County, North Dakota." That the use to which the property is to be applied is a use authorized by law and that the taking of such easement is necessary to such use; and that a portion of said premises (described in the complaint) is now appropriated to public use being subject to an easement for right-of-way of and for said Drain No. 20. That heretofore the Board of County Commissioners of said county acting for and on behalf of the plaintiff made its order directing the State's Attorney of the county to obtain an easement in and to the said lands and premises above described for said public use against the defendant record title owner who has heretofore refused, and who now refuses, to grant the same for said proposed public use, and who has heretofore refused, and now refuses, to accept the amount of damages which have been awarded to him by said board for the easement in said lands by said county for the use aforesaid, and as provided by law. That the amount of damages allowed by the Board of County Commissioners of said Pembina County for said easement is $125.78, which is the reasonable value thereof.

The statutes of this state provide that the complaint in a condemnation action "must contain: 1. The name of the corporation, association commission, or person in charge of the public use for which the property is sought, who must be styled plaintiff; 2. The names of all owners and claimants of the property, if known, or a statement that they are unknown, who must be styled defendants; 3. A statement of the right of the plaintiff;

4. If a right-of-way is sought, the complaint must show the location, general route, and termini, and must be accompanied with a map thereof so far as the same is involved in the action or proceeding; and 5. A description of each piece of land sought to be taken and whether the same includes the whole or only a part of an entire parcel or tract." NDRC 1943, 32–1518.

"Before property can be taken it must appear: 1. That the use to which it is to be applied is a use authorized by law; 2. That the taking is necessary to such use; and 3. If already appropriated to some public use, that the public use to which it is to be applied is a more necessary public use." NDRC 1943, 32–1505.

Under the laws of this state the issue of compensation for private property taken or damaged for public use must be tried to a jury, unless a jury is waived. ND Const, Sec. 14; NDRC 1943, 32–1501; Bigelow et al. v. Draper et al., 6 ND 152, 69 NW 570; Becker County Sand and Gravel Company v. Wosick et al., 62 ND 740, 245 NW 454. All other issues in a condemnation action are triable to the court without a jury. Bigelow et al. v. Draper et al., supra. In this state the question of necessity of taking of private property for public use is entrusted to the determination of the judicial branch of the government but is triable to the court without a jury. Bigelow et al v. Draper et al, 6 ND at pp. 164–167, 69 NW at pp. 573–574.

In the brief and oral argument on behalf of the defendant it is sought to draw in question the correctness of the order overruling the demurrer. This argument is predicated not so much on what is alleged in the complaint as upon certain instruments offered and received in evidence upon the argument of the demurrer, including a map of "the drainage area and the assessment area," an instrument entitled "History of Drain No. 20," a contract between the County Commissioners of Pembina County and a certain contractor for the performance of the work of cleaning and repairing the drain, an instrument in writing entitled "Memorandum of Construction of Contract" executed by the Board of County Commissioners and the contractor, and an alleged stipulation purporting to enumerate the legal questions involved in the action, and specifying that if the court holds that the board of county commissioners has jurisdiction over the

cleaning· and repairing of Drain No. 20, it may consider· certain specified matters as pleaded facts. And it is in effect contended that the complaint was amended so as to contain such statements and instruments and the contents thereof, and that the demurrer applied to the complaint as so amended. It is somewhat difficult to understand on what theory many of the alleged extraneous statements and documents could be material facts in a complaint in an action for condemnation. In any event the complaint was not, in fact, amended. The complaint remained precisely as it was when the demurrer was interposed. Where a complaint is amended an amended complaint should be prepared and filed so that all facts of the pleading are embodied in one instrument.

"The mode of amending pleadings recognized by the practice of this state is by rewriting the pleading, leaving out such allegations, and inserting such other allegations, as may be desired, so that all parts of the pleading shall be in one instrument, complete in itself." Satterlund v. Beal, 12 ND 122, 95 NW 518. See also Clark v. Ellingson, 35 ND 546, 161 NW 199.

As a general rule, the court in passing on a demurrer to the complaint may consider only the averments of the complaint. Schnoor v. Meinecke et al, 75 ND 768, 33 NW2d 66; 41 Am Jur Pleading, Sec. 246, pp. 465–466; 6 Standard Encyclopedia of Procedure, p. 981 et seq; 71 CJS Pleading, Sec. 257, pp. 500 et seq; Aultman & Co. v. Siglinger, 2 SD 442, 50 NW 911; Ryan v. Knights of Columbus, 82 Conn 91, 72 A 574. See also Wickum v. Arneson, 63 ND 594, 249 NW 709.

In American Jurisprudence it is said: "The general theory is that a demurrer reaches only those defects appearing on the face of the pleading demurred to. The court in ruling upon a demurrer has no right to go outside the pleadings for information and consider matters or evidence dehors the record, but must base its rulings wholly and entirely upon the language of the pleadings." 41 Am Jur, Sec. 246, p. 465.

In Standard Encyclopedia of Procedure it is said: "As a general rule, only the pleading demurred to may be considered in passing on the demurrer. The court must assume that the facts are as alleged, and cannot assume the existence of any facts not

alleged, nor find facts in aid of the pleading, nor hear evidence on the questions involved, nor consider what evidence may be introduced at the trial. The pleading demurred to must be taken as it stands when the demurrer is interposed, rather than as subsequently modified by motion, or amendment." 6 Standard Encyclopedia of Procedure, p. 981 et seq.

In Schnoor v. Meinecke et al, supra, this Court said: "A demurrer reaches only those defects appearing on the face of the complaint demurred to and the court has no right to go outside the pleading for information dehors the record, but must base its ruling entirely upon the language of the pleading attacked. The only question is whether the pleading alleges a cause of action. 41 Am Jur, p. 465, Sec. 246; 49 CJ p. 420, Sec. 535.

"That extraneous matters on demurrer may not be considered is evident from the following sections of 1943 RC:

" '28–0706. The defendant may demur to the complaint when it shall appear upon the face thereof,' etc.

" '28–0708. When any of the matters enumerated in Sec. 28–0706 do not appear upon the face of the complaint, the objection may be taken by answer.' "

Under the laws of this state an order overruling a demurrer is not appealable. Milde v. Leigh, 74 ND 15, 24 NW2d 55. Obviously, the question whether the trial court was correct in overruling the demurrer is not involved on this appeal. The only question presented for determination here is whether the trial court was correct, or whether he erred, in denying defendant's application for leave to answer the complaint.

The laws of this state provide: "If a demurrer to any pleading is overruled and if it appears that the demurrer was interposed in good faith, the court, upon such terms as may be just, may allow the party interposing such demurrer to plead over." NDRC 1943, 28–0734.

"If a demurrer to any pleading is sustained, the court, upon such terms as may be just, may allow the party to amend such pleading. . . ." NDRC 1943, 28–0735. These statutory provisions are in harmony with the rule prevailing in other states.

American Jurisprudence says: "Since a demurrer does not admit the allegations of the pleading demurred to except for

the purposes of the demurrer, on the overruling of the demurrer the demurring party may plead to the facts upon such reasonable conditions and restrictions as the court in its discretion may properly impose. And it is ordinarily erroneous for the court, on overruling a demurrer, to render final judgment; the judgment should be respondeat ouster, since the demurrer is treated at law, as well as in equity, as only an appeal to the court as to whether the party should answer." 41 Am Jur Sec. 250, p. 468.

In Corpus Juris Secundum it is said: "After a demurrer is overruled, demurrant may, either by statute or rule of court, or, in the absence of statute or rule, by permission of the court in the exercise of its discretion, plead over. Ordinarily the court will allow demurrant to plead over, particularly where he asks leave in good faith to do so, although the court is not obliged to do so, and should, in its discretion, grant leave where no injury is given the other party. The discretion of the court must not be arbitrarily exercised." 71 CJS Sec. 272, p. 567.

The application for leave to answer stated that the demurrer had been interposed in good faith. So far as the record discloses there was no contention in the trial court that the demurrer had been interposed in bad faith and there is no such contention here. It has been the practice generally followed by the courts of this state to allow a defendant leave to interpose an answer, where his demurrer to the complaint has been overruled and the defendant in good faith asks leave to plead over, and it appears that the demurrer was interposed in good faith. This practice was followed generally when an order overruling a demurrer to the complaint was appealable; there is added reason for doing so since the statute was changed so as to render an order overruling a demurrer nonappealable. See, Milde v. Leigh, supra.

We are all agreed that in this case the defendant's application for leave to answer should have been granted and that the trial court erred in denying such application. The case is remanded to the district court with directions to grant the defendant leave

to answer within such time and upon such conditions as may be just.

Morris, Ch. J., and Sathre, Burke and Grimson, JJ., concur.