2016 ND 134

**Ray ZAJAC, Appellant**

v.

**TRAILL COUNTY WATER RESOURCE DISTRICT,**
Appellee.

No. 20160028.

Supreme Court of North Dakota.

June 30, 2016.

Jonathan L. Green, Wahpeton, N.D., for appellant.

Andrew D. Cook (argued) and Sean M. Fredricks (on brief), West Fargo, N.D., for appellee.

McEVERS, Justice.

[¶ 1] Ray Zajac appeals from a judgment dismissing his appeal from a Traill County Water Resource District decision amending approval of Patricia Bertsch's application for a subsurface drain in Traill County. We affirm, concluding Zajac failed to file a timely appeal from the Resource District decision.

I

[¶ 2] In June 2014, the Resource District initially approved Bertsch's application to install subsurface drain tile on her land, conditioned on her obtaining flowage easements from affected landowners, including Zajac. At a regularly scheduled meeting on July 7, 2015, the Resource District amended its original approval of Bertsch's application to eliminate the requirement that she obtain an easement from Zajac. Zajac does not dispute the agenda for the Resource District's regularly scheduled July 7, 2015 meeting was filed with the Traill County Auditor before the meeting and stated the "Jon Bertsch–Zajac Easement Issue" would be addressed at 7:30. The parties do not dispute that a separate notice of hearing was not mailed to or otherwise served upon Zajac before the meeting. After amending approval of Bertsch's application, the Resource District sent Zajac a July 14, 2015 letter notifying him of the July 7, 2015 decision.

[¶ 3] On August 10, 2015, Zajac filed a notice of appeal from the Resource District's amended decision with the district court. The district court dismissed Zajac's appeal, concluding it was not timely under N.D.C.C. § 28–34–01.

II

[¶ 4] Zajac argues the district court erred in deciding his appeal was not timely under N.D.C.C. § 28–34–01 and the time for appeal should have been tolled until he received notice of the decision. He also claims he did not receive sufficient notice of the July 7, 2015 meeting to satisfy due process and afford him an opportunity to be heard.

[¶ 5] The district court dismissed Zajac's appeal under N.D.C.C. § 28–34–01, which provides, in part:

This section, to the extent that it is not inconsistent with procedural rules adopted by the North Dakota supreme court, governs any appeal provided by statute from the decision of a local governing body, except those court reviews provided under sections 2–04–11 and 40–51.2–15. For the purposes of this section, "local governing body" includes any officer, board, commission, resource or conservation district, or other political subdivision. Each appeal is governed by the following procedure:

1. The notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body. A copy of the notice of appeal must be served on the local governing body in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure.

[¶ 6] Statutory interpretation is a question of law, which is fully reviewable on appeal. *Nelson v. Johnson*, 2010 ND 23, ¶ 12, 778 N.W.2d 773. The primary purpose of statutory interpretation is to determine the intention of the legislation. *In re Estate of Elken*, 2007 ND 107, ¶ 7, 735 N.W.2d 842. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. If the language of a statute is clear and unambigu-

ous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute. N.D.C.C. § 1–02–39.

[¶ 7] Section 61–16.1–54, N.D.C.C., authorizes an aggrieved person to appeal to the district court from any order or decision of a water resource board and provides the appeal is governed by the procedure in N.D.C.C. § 28–34–01. The plain language of N.D.C.C. § 28–34–01 governs any appeal provided by statute from the decision of a local governing body and states the "notice of appeal must be filed ... within thirty days after the decision of the local governing body." N.D.C.C. § 28–34–01(1). We have recognized "[t]imely filing of an appeal from a decision of a [local governing body] is mandatory to invoke a district court's appellate subject matter jurisdiction over the appeal." *Grand Forks Homes, Inc. v. State*, 2011 ND 65, ¶ 20, 795 N.W.2d 335.

[¶ 8] The parties do not dispute the Resource District's decision to amend approval of Bertsch's application was made on July 7, 2015. Zajac does not dispute he received notice of that decision in a July 14, 2015 letter. This is not a case in which Zajac did not receive a notice of the decision, or that the notice given did not allow adequate time to appeal, and we need not consider questions about the timeliness of his appeal in those contexts. Rather, Zajac received notice of the decision in the July 14, 2015 letter, and under the plain language of N.D.C.C. § 28–34–01, he had 30 days from the Resource District's July 7, 2015 decision to file an appeal. Because Zajac did not file his appeal until August 10, 2015, his appeal was not timely under N.D.C.C. § 28–34–01. *See* N.D.C.C. § 1–02–15 (computation of time done by excluding first day and including last day).

Zajac nevertheless contends the time for filing an appeal should have been tolled until he received notice of the July 7, 2015 decision.

[¶ 10] The 30–day time limit for appealing a local governing body decision under N.D.C.C. § 28–34–01 is not a statute of limitation; rather, it is a statute conferring appellate subject-matter jurisdiction upon a reviewing court. *Grand Forks Homes*, 2011 ND 65, ¶ 22, 795 N.W.2d 335. The terms of the statutes conferring appellate jurisdiction control whether the time for appeal may be tolled and nothing in the plain language of either N.D.C.C. §§ 61–16.1–54 or 28–34–01 tolls the time for appeal. Rather, N.D.C.C. § 28–34–01 unambiguously states the "notice of appeal must be filed ... within thirty days after the decision of the local governing body." *See Grand Forks Homes*, at ¶ 22. When the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05.

[¶ 11] Because Zajac's appeal from the Resource District's decision was untimely, we conclude the district court did not have jurisdiction to hear his appeal and we need not address his claim that he did not receive sufficient notice of the July 7, 2015 meeting to satisfy due process and afford him an opportunity to be heard.

### III

[¶ 12] We affirm the district court judgment dismissing Zajac's appeal.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.