2016 ND 155

**Lonny C. SANDAHL and Lilian K. Sandahl, Appellants,**

v.

**CITY COUNCIL OF CITY OF LARIMORE, Appellee.**

No. 20150364.

Supreme Court of North Dakota.

July 20, 2016.

Erik A. Escarraman, Grand Forks, N.D., for appellants.

Joseph E. Quinn (argued), Assistant City Attorney, and Daniel L. Gaustad (on brief), City Attorney, Grand Forks, N.D., for appellee.

KAPSNER, Justice.

[¶ 1] Lonny and Lilian Sandahl appeal from a judgment denying their request to submit additional evidence and affirming a City of Larimore decision finding a building on their property was dangerous and unsafe and ordering demolition of the building. We conclude the Sandahls' self-represented notice of appeal to the district court was not timely under N.D.C.C. § 28–34–01 and *Zajac v. Traill Cty. Water Res. Dist.*, 2016 ND 134, 881 N.W.2d 666, and we vacate the judgment and remand to the district court to dismiss the appeal.

I

[¶ 2] In September 2014, Larimore served the Sandahls with a notice of a public nuisance and order to repair or demolish buildings on three parcels of their property in Larimore, including a building at 107 Pate Avenue. The Sandahls appeared at a public hearing before the Larimore City Council on March 2, 2015, to contest the designation of the building as a public nuisance. At that meeting, the Larimore City Council determined the building was unsafe and dangerous and ordered demolition of the building. On March 3, 2015, Larimore issued a written decision stating the building was an unsafe and dangerous dwelling and deemed an excessive burden to rehabilitate. Larimore's written decision ordered the Sandahls to demolish the building within thirty days. On March 5, 2015, Larimore issued a notice of findings of fact and order for demolition, and the documents were served on the Sandahls on March 12, 2015, by the sheriff of Grand Forks County.

[¶ 3] On April 13, 2015, the Sandahls filed with the district court a self-represented notice of appeal under N.D.C.C. § 28–34–01, and through counsel, subsequently moved to submit additional evidence under N.D.C.C. § 28–34–01(3). The court denied the Sandahls' motion to submit additional evidence and affirmed Larimore's decision ordering demolition of the building.

## II

[¶ 4] Although not raised by Larimore and not examined by the district court, we initially consider a jurisdictional issue involving the timeliness of the Sandahls' appeal to the district court under N.D.C.C. § 28–34–01. An appeal from an administrative decision to a district court invokes that court's appellate jurisdiction, not its original jurisdiction. *See Lende v. North Dakota Workers' Comp. Bureau*, 1997 ND 178, ¶ 10, 568 N.W.2d 755. A district court's appellate jurisdiction over administrative orders is governed by statute. *Id.* "The right to appeal is a jurisdictional matter which we may consider sua sponte." *Id.* (quoting *In re J.K.M.*, 557 N.W.2d 229, 230 (N.D.1996)).

[¶ 5] Section 28–34–01, N.D.C.C., deals with appeals from local governing bodies and provides, in part:

This section, to the extent that it is not inconsistent with procedural rules adopted by the North Dakota supreme court, governs any appeal provided by statute from the decision of a local governing body, except those court reviews provided under sections 2–04–11 and 40–51.2–15. For the purposes of this section, "local governing body" includes any officer, board, commission, resource or conservation district, or other political subdivision. Each appeal is governed by the following procedure:

1. The notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body. A copy of the notice of appeal must be served on the local governing body in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure.

[¶ 6] In *Zajac*, 2016 ND 134, ¶¶ 7–8, 881 N.W.2d 666, we recently considered a similar issue about the timeliness of an appeal to the district court from a decision by a local governing body under that statute:

The plain language of N.D.C.C. § 28–34–01 governs any appeal provided by statute from the decision of a local governing body and states the "notice of appeal must be filed ... within thirty days after the decision of the local governing body." N.D.C.C. § 28–34–01(1). We have recognized "[t]imely filing of an appeal from a decision of a [local governing body] is mandatory to invoke a district court's appellate subject matter jurisdiction over the appeal." *Grand Forks Homes, Inc. v. State*, 2011 ND 65, ¶ 20, 795 N.W.2d 335.

The parties do not dispute the Resource District's decision to amend approval of Bertsch's application was made on July 7, 2015. Zajac does not dispute he received notice of that decision in a July 14, 2015 letter. This is not a case in which Zajac did not receive a notice of the decision, or that the notice given did not allow adequate time to appeal, and we need not consider questions about the timeliness of his appeal in those contexts. Rather, Zajac received notice of the decision in the July 14, 2015 letter, and under the plain language of N.D.C.C. § 28–34–01, he had 30 days from the Resource District's July 7, 2015 decision to file an appeal. Because Za-

jac did not file his appeal until August 10, 2015, his appeal was not timely under N.D.C.C. § 28–34–01. *See* N.D.C.C. § 1–02–15 (computation of time done by excluding first day and including last day).

[¶ 7] In *Zajac*, 2016 ND 134, ¶¶ 9–10, 881 N.W.2d 666, we also rejected the appellant's argument that the time for appeal was tolled until he received notice of the local governing body's decision. We said the statutory time for appeal in N.D.C.C. § 28–34–01 was not a statute of limitation, but a statute conferring appellate jurisdiction upon a reviewing court and the terms of the statute controlled whether the time for appeal may be tolled. *Id.* at ¶ 10. We explained the unambiguous language of N.D.C.C. § 28–34–01 states a "notice of appeal must be filed . . . within thirty days after the decision of the local governing body," and the case was not one in which the appellant did not receive notice of the decision, or the notice did not give the appellant adequate time to appeal. *Id.* at ¶¶ 8–10.

[¶ 8] Here, the Sandahls appeared at the March 2, 2015 Larimore City Council meeting, during which Larimore found the building on their land was unsafe and dangerous and ordered demolition of the building. Larimore thereafter issued a March 3, 2015 written decision ordering demolition of the building, and Larimore prepared a March 5, 2015 notice of decision, which was served on the Sandahls on March 12, 2015. The Sandahls filed a self-represented notice of appeal to the district court on April 13, 2015, which was more than 30 days after Larimore's decision. Although the Sandahls were not represented by counsel when they filed their untimely notice of appeal, we have often recognized self-represented litigants are not entitled to any greater leniency because of their self-represented status. *E.g., Grzes-*

*kowiak v. State,* 2016 ND 99, ¶ 7, 879 N.W.2d 461.

[¶ 9] We conclude the Sandahls' appeal to the district court was not timely under N.D.C.C. § 28–34–01 and *Zajac.* Our decisions in *Zajac* and this case recognize an abbreviated time frame for a party to appeal from a decision by a local governing body is imposed under the plain language of N.D.C.C. § 28–34–01. The legislature may want to consider extending the time for appeal or consider triggering the time for appeal from a decision by a local governing body from service of the notice of the decision on the affected party or from publication of the decision.

[¶ 10] Because the district court lacked appellate jurisdiction to hear the Sandahls' appeal, we vacate the judgment affirming Larimore's decision and remand to the court to dismiss the appeal. Because of our resolution of this issue, we do not address the issues raised in the Sandahls' appeal. We recognize, however, the effect of our decision vacating the district court judgment is to sustain Larimore's decision ordering the demolition of the building. *See Anderson v. Jeannotte,* 96 N.W.2d 591, 594 (N.D.1959) (stating that where time for appeal from judgment had expired and untimely appeal from judgment was dismissed, dismissal amounted to affirmance).

### III

[¶ 11] We vacate the district court judgment and remand to the court to dismiss the appeal.

[¶ 12]  GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.