Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 26

Michele L. Brandt, as Trustee of the Michele

L. Brandt Revocable Trust Agreement dated

January 9, 2013, Plaintiff and Appellant

v.

City of Fargo, Cass County, North Dakota, Defendant and Appellee

No. 20170162

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Thomas R. Olson, Judge.

AND

Karen C. Wieland, Appellant

v.

City of Fargo, Cass County, North Dakota, Appellee

No. 20170196

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Jonathan T. Garaas, Fargo, ND, for plaintiff and appellants.

Jane L. Dynes, Fargo, ND, for defendant and appellee.

Brandt v. City of Fargo and Wieland v. City of Fargo
 

Nos. 20170162 and 20170196
 

Crothers, Justice.

[¶1] Michele L. Brandt, as Trustee of the Michele L. Brandt Revocable Trust, appeals from an order dismissing her appeal to the district court from the City of Fargo’s resolution of necessity.  Karen Wieland appeals from a judgment dismissing her appeal to the district court from the City’s resolution of necessity.  These appeals were consolidated for oral argument to this Court.  Because of similar dispositions, we address both appeals in this decision.  We affirm, concluding the court in each case did not err in dismissing the appeals because no statutory basis authorized an appeal to the district court from the City’s resolutions of necessity.  

I

[¶2] On December 5, 2016, the Fargo City Commission passed a resolution of necessity for property owned by Brandt related to construction of a flood protection project.  On December 19, 2016, the City passed a similar resolution of necessity for property owned by Wieland.  Each resolution authorized the City to proceed with all legal means to obtain the property, including eminent domain.  On December 16, 2016, Brandt appealed the City’s resolution of necessity to the district court.  On January 4, 2017, Wieland appealed the resolution of necessity for her property to the district court.  

[¶3] In each case the City filed a record on appeal in the district court and moved the court to dismiss the appeal.  In Brandt’s appeal, the City moved alternatively to consolidate Brandt’s appeal with an eminent domain proceeding that the City also commenced in December 2016.  In both appeals, Brandt and Wieland moved the district court to strike all materials from the record that had not specifically been placed in front of the city commission during the respective December 2016 meetings.  

[¶4] After a February 22, 2017 hearing in Brandt’s appeal, the district court entered an order granting the City’s motion to dismiss and holding a resolution of necessity as a predicate to eminent domain is not subject to appellate review by the court.  The court also held the City had not acted in bad faith, with a gross abuse of discretion, or fraudulently in passing the resolution of necessity.  The order denied Brandt’s motion to strike, concluding further consideration of the motion was moot.  

[¶5] After a March 21, 2017 hearing in Wieland’s appeal before a different judge, the district court entered an order and judgment dismissing Wieland’s appeal.  The court explained that the decision to go forward with an eminent domain proceeding is the City’s political or legislative decision which the court could not review by appeal from issuance of the resolution.  The City commenced an eminent domain proceeding for the Wieland property in April 2017.  

II

[¶6] Brandt and Wieland raise similar issues on appeal to this Court.  They argue that the district court erred in allowing the City to file documents in the appeal, “under the guise of complying with N.D.C.C. § 28-34-01(2),” that were not considered by the City in making its decision; that the court should not have considered documents not properly filed in accordance with the law; and that the court erred in not striking gratuitous or extraneous filings from the record.  They contend the City’s resolutions of necessity should be overturned because they are unsupported by substantial evidence, are vague, and were passed without adherence to the law.  They further argue the district court erred by not reviewing the resolutions on appeal as part of the City’s attempted exercise of eminent domain.  The dispositive issue in both cases, however, is whether the parties can appeal from the City’s resolutions of necessity to the district court.  

[¶7] Generally, a district court does not have appellate jurisdiction over a matter unless authorized by statute.  
Rudnick v. City of Jamestown
, 463 N.W.2d 632, 636 (N.D. 1990).  “An appeal is not a matter of right but a creature of statute, and, therefore, no right to appeal exists unless authorized by statute.”  
Friends of Duane Sand v. Job Serv. N.D.
, 2016 ND 38, ¶ 7, 876 N.W.2d 433 (quoting 
Inv. Rarities, Inc. v. Bottineau Cty. Water Res. Dist.
, 396 N.W.2d 746, 748 (N.D. 1986)); 
see also
 
Van Inwagen v. Sanstead
, 440 N.W.2d 513, 514-15 (N.D. 1989).  For example, in 
Investment Rarities
, this Court affirmed a district court judgment dismissing an attempted appeal from a decision of the State Engineer because no statutory authority existed for an appeal.  
Inv. Rarities
, 396 N.W.2d at 748 (citing 
Jones v. N.D. Workmen’s Comp. Bureau
, 334 N.W.2d 188 (N.D. 1983); 
Schmidt v. N.D. Workmen’s Comp. Bureau
, 74 N.D. 520, 23 N.W.2d 26 (1946)).  

[¶8] Here, in both the Brandt and Wieland appeals to the district court, the notices of appeal state the appeals were taken “under N.D.C.C. § 28-34-01.”  Section 28-34-

01, N.D.C.C., provides, in relevant part:  

“This section, to the extent that it is not inconsistent with procedural rules adopted by the North Dakota supreme court, governs 
any appeal provided by statute from the decision of a local governing body
, except those court reviews provided under sections 2-04-11 and 40-51.2-15. For the purposes of this section, ‘local governing body’ includes any officer, board, commission, resource or conservation district, or other political subdivision. 
Each appeal is governed by the following procedure
: . . . .”

(Emphasis added.)  

[¶9] While N.D.C.C. § 28-34-01 provides the procedure for an appeal from a local governing body’s decision, it does not provide the authority for a district court to hear an appeal.  “In 1989, the legislature enacted N.D.C.C. § 28-34-01, which explicitly ‘governs [procedures for] any appeal provided by statute from the decision of a local governing body.’”  
Hector v. City of Fargo
, 2014 ND 53, ¶ 20, 844 N.W.2d 542 (quoting 1989 N.D. Sess. Laws ch. 83, § 1); 
see also
 1995 N.D. Sess. Laws ch. 315, § 2 (amending N.D.C.C. § 40-47-11(2) to authorize appeals in the manner provided under N.D.C.C. § 28-34-01, rather than review by certiorari).  “The 1989 legislation resulted from a study by the legislature’s Interim Judiciary Committee after an initial study by this Court’s Court Services Administration Committee regarding review of decisions by local governing bodies in response to 
Shaw
[ 
v. Burleigh Cty.
, 286 N.W.2d 792 (N.D. 1979)].”  
Hector
, at ¶ 20 (citing 1989 Report of the North Dakota Legislative Council 51st Legislative Assembly, pp. 140-42).  “The interim report stated the interim judiciary committee ‘reviewed the many statutes authorizing appeals of decisions from local governing bodies’ and ‘recommend[ed the legislation] to establish uniform procedures for appeals from the decision of local governing bodies.’”  
Hector
, at ¶ 20 (quoting 1989 Report, at 141). 

[¶10] “[T]he statutory time for appeal in N.D.C.C. § 28-34-01 was not a statute of limitation, but a statute 
conferring appellate jurisdiction
 upon a reviewing court.”  
Sandahl v. City Council of City of Larimore
, 2016 ND 155, ¶ 7, 882 N.W.2d 721 (emphasis added); 
see also
 
Garaas v. Cass Cty. Joint Water Res. Dist.
, 2016 ND 148, ¶ 28, 883 N.W.2d 436; 
Zajac v. Traill Cty. Water Res. Dist.
, 2016 ND 134, ¶ 10, 881 N.W.2d 666.  Some cases might be read to suggest that N.D.C.C. §§ 27-05-06 and 28-34-01 provide the district court with jurisdiction to hear an appeal from a city commission decision.  
See, e.g.
, 
Black Gold Oil Field Servs., LLC v. City of Williston
, 2016 ND 30, ¶ 16, 875 N.W.2d 515; 
Capital Elec. Co-op., Inc. v. City of Bismarck
, 2007 ND 128, ¶ 9, 736 N.W.2d 788; 
Tibert v. City of Minto
, 2006 ND 189, ¶ 6, 720 N.W.2d 921.  However, N.D.C.C. § 27-05-06 generally recognizes the jurisdiction conferred on district courts.  Section 27-05-06(4), N.D.C.C., specifically states, “Jurisdiction of appeals from all final judgments of municipal judges and from the determinations of inferior officers, boards, or tribunals, in the cases 
and pursuant to the regulations as may be prescribed by law
.”  (Emphasis added.)  We clarify that, while N.D.C.C. § 28-34-01 provides the procedure and a time-limit for vesting appellate jurisdiction in the district court, a separate statutory basis must authorize a right to appeal from a particular city decision.  
See, e.g.
, N.D.C.C. §§ 40-26-01 (“courts shall review the levy and apportionment of the special assessments in all actions and proceedings involving the validity or apportionment of any special assessment for local or special improvements”); 40-39-10 (“person aggrieved by the decision of the governing body granting the vacation of any public grounds, street, or alley, within fifteen days after the publication of the resolution, may appeal to the district court”); 40-47-11(2) (“decision of the governing body of the city on an appeal from a decision of the board of adjustment may be appealed to the district court”); 
see also
 
Rudnick
, 463 N.W.2d at 636.  

[¶11] Chapter 32-15, N.D.C.C., governs proceedings for eminent domain, which is defined as “the right to take private property for government use.”  N.D.C.C. § 32-

15-01(1).  Section 32-15-05, N.D.C.C., provides that “[b]efore property can be taken it must appear:”

“1.  That the use to which it is to be applied is a use authorized by law.

2.  That the taking is necessary to such use.

3.  If already appropriated to some public use, that the public use to which it is to be applied is a more necessary public use.” 

Under N.D.C.C. § 32-15-05(2), “the legislature has entrusted the right to review a determination of the question of necessity in an eminent domain action to the judicial branch of government.”  
Oakes Mun. Airport Auth. v. Wiese
, 265 N.W.2d 697, 699 (N.D. 1978); 
see also
 
KEM Elec. Coop., Inc., v. Materi
, 247 N.W.2d 668, 670 (N.D. 1976); 
Otter Tail Power Co. v. Malme
, 92 N.W.2d 514, 521 (N.D. 1958); 
Cty. of Pembina v. Nord
, 78 N.D. 473, 477, 49 N.W.2d 665, 667 (1951).  In 
Wiese
, 265 N.W.2d. at 700 (citations omitted), this Court clarified the court’s role in determining public necessity:  

“To clarify the court’s role in the determination of the question of public necessity, we emphasize that the determination of a condemning authority to exercise the power of eminent domain for an authorized public use is solely a legislative or political question which is not subject to judicial review. . . .  The court’s review of public necessity is limited to the question of whether the taking of the particular property sought to be condemned is reasonably suitable and usable for the authorized public use.  Much latitude is given to the condemning authority to determine the location and the extent of the property to be acquired, and a taking is not objectionable merely because some other location might have been made or some other property obtained that would have been as suitable for the purpose.  In the absence of bad faith, gross abuse of discretion, or fraud by the condemning authority in its determination that the property sought is necessary for the authorized use and is pursuant to specific statutory authority, such determination should not be disturbed by the courts.”  

[¶12] In 
Gissel v. Kenmare Twp.
, 512 N.W.2d 470, 474 (N.D. 1994), this Court reiterated that “a condemning authority’s determination to exercise the power of eminent domain for an authorized public use is a legislative question which is not subject to judicial review.”  However, “the issue of necessity for a particular taking ultimately remains a question for a court to review” in eminent domain proceedings.  
Id.
  In 
City of Jamestown v. Leevers Supermarkets, Inc.
, 552 N.W.2d 365, 370 (N.D. 1996), we again applied this “narrow and limited” abuse of discretion standard for reviewing a condemning authority’s declaration of necessity, stating that “[i]n the absence of bad faith, gross abuse of discretion, or fraud by the condemning authority in finding the property sought is necessary for a use authorized by statute, the finding will not be disturbed by the courts.”  Importantly, when judicial review of public necessity for taking private property occurred in 
Leevers
, 
Gissel
, and 
Wiese,
 review occurred during appeals from eminent domain or inverse condemnation proceedings under N.D.C.C. ch. 32-15.  

[¶13] Here, Brandt and Wieland have attempted to appeal directly to the district court from the City’s resolutions of necessity.  We acknowledge that this Court recently recognized that an appeal lies from a water resource district’s resolution of necessity.  
Cossette v. Cass Cty. Joint Water Res. Dist.
, 2017 ND 120, ¶ 15, 894 N.W.2d 858 (remanding “for the court to address the issues raised in the Cossettes’ appeal from the District’s resolution of necessity”).  In 
Cossette
 the Court’s holding was based on N.D.C.C. § 61-16.1-54, which specifically allows an appeal “from any water resource board order or decision relating to eminient domain.”  
Cossette
, at ¶ 14.  By contrast, N.D.C.C. § 28-34-01 relied on by Brandt and Wieland does not provide a right of appeal.  Nor have the parties drawn our attention to any other statute authorizing such an appeal.  We therefore conclude the district court in each case did not err in dismissing the attempted appeals from the City’s resolutions of necessity.  Further, we agree with the City’s assertion that affirming the dismissals does not extinguish the property owners’ ability to challenge the requirements of N.D.C.C. ch. 32-15 in the eminent domain proceedings presently pending in the district court.

III

[¶14] The order in the Brandt case and the judgment in the Wieland case dismissing the respective appeals are affirmed because no statutory basis authorized an appeal to the district court from the City’s resolutions of necessity.

[¶15] Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte

Gerald W. VandeWalle, C.J.