# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 57

Robert & Laurie Banderet, Carol Beck,
Gerald Bosse, Matthew Bosse, Duane &
Valera Hayen, Beverley Kelley,
Leon Mallberg, Paul Mathews,
Nancy Mathews, Katheryn Nelson,
R & I Memorial Trust, Kathaleen R.
Rehborg as Trustee, Gerald & Judith
Ringdahl, and John & Beth Wentworth,                    Plaintiffs and Appellants

     and

William E. Kurschet, and Jan Vold &
Melanie Jones as Trustees of the
Evergreen Trust,                    Plaintiffs

     v.

Sargent County Water Resource District, and
Ransom County Water Resource District,                    Defendants and Appellees

No. 20180253

Appeal from the District Court of Sargent County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Derrick L. Braaten (argued), JJ W. England (appeared), and Kyra A. Hill (on brief), Bismarck, ND, for plaintiffs and appellants.

Daniel L. Gaustad (argued) and Joseph E. Quinn (on brief), Grand Forks, ND, for defendant and appellee Sargent County Water Resource District.

Jane L. Dynes (argued) and Kasey D. McNary (on brief), Fargo, ND, for defendant and appellee Ransom County Water Resource District.

**VandeWalle, Chief Justice.**

[¶1]     Robert and Laurie Banderet and other plaintiffs ("Landowners") appealed a judgment dismissing their complaint seeking declaratory and injunctive relief against the Sargent County Water Resource District and Ransom County Water Resource District relating to a drainage project.  We affirm, concluding the Landowners are not entitled to equitable relief, and the district court properly dismissed the Landowners' complaint.


I

[¶2]     Drain 11 is a legal assessment drain in Sargent County that drains into the Upper Wild Rice River.  In February 2015, the Sargent County Water Resource District discussed a preliminary engineering report indicating water did not move efficiently through Drain 11 due to sediment buildup, a flat drainage area, and undersized culverts.  In April 2016, the District authorized an engineer's report "for a project that would fit within a 5-6 year maintenance bond."  At its June 2016 meeting, the District was presented with a $3,900,000 cost estimate for Drain 11 channel improvements.  "The breakdown of possible cost share participation included: $1,417,967 from [the North Dakota State Water Commission]; $200,547 from county road department for crossings and $2,281,486 from [the] local maintenance fund."  "Further discussion followed on conducting a public meeting to inform the landowners of this project once it is determined if cost share will be provided."

[¶3]     At the District's October 20, 2016 meeting, it adopted a resolution of necessity for the Drain 11 improvement project.  The resolution stated "the Drain 11 Project will not require the addition of any new properties to the existing Drain 11 assessment district."  In the resolution, the District found and declared "the Drain 11 Project will provide more effective and efficient drainage through Drain 11; increased drainage

depth and capacity through Drain 11; enhanced control over the Drain 11 watershed area; enhanced breakout protection for adjacent properties; improved drainage for the benefit of the Drain 11 assessment district; and more effective and efficient operation and maintenance of Drain 11." The resolution also stated "construction of the Drain 11 Project does not require an excess levy vote, an additional assessment district vote, or any other additional legal proceedings under North Dakota law." The meeting minutes indicate "[a] landowner meeting was scheduled to discuss [the project] on . . . November 15, 2016." None of the Landowners attended the October 20, 2016 meeting.

[¶4] The District held an informational meeting on November 16, 2016, to discuss the project with some of the Landowners. The meeting minutes indicate the District explained funding for the project and stated "no [landowner] vote is necessary but the maintenance levy will be the maximum of $4/acre/year by ND law." At the District's regular meeting on November 17, 2016, the Landowners within the Drain 11 assessment district opposed to the project presented their concerns and requested the project be put to a landowner vote. The meeting minutes state the District informed the Landowners their vote on the project was not required:

> [U]nder North Dakota law, a vote of the assessment district is not required as long as the project will not exceed the maximum maintenance levy the Board may assess per acre against the properties within the Drain 11 assessment district in any six-year period. In other words, a vote of the assessment district is only required if the cost will exceed the maximum $4 per acre annual maintenance levy levied over a six-year period.

From the record, it appears at least four of the Landowners became aware of the resolution of necessity at the District's November 16, 2016 informational meeting or the District's November 17, 2016 regular meeting.

[¶5] In May 2017, the Landowners within the Drain 11 assessment district opposed to the project sued the Sargent County and Ransom County Water Resource Districts seeking declaratory and injunctive relief. The Landowners sought a judgment declaring: (1) the Drain 11 project cannot be funded as maintenance within six years

at $4 per acre being assessed to the Landowners; (2) the Landowners are entitled to a hearing and vote on the project; and (3) benefited properties in Ransom County must be included in the Drain 11 assessment district. The Landowners requested a permanent injunction restraining the Sargent County Water Resource District from proceeding with the Drain 11 project.

[¶6] The Sargent County and Ransom County Water Resource Districts moved to dismiss the Landowners' complaint, arguing they failed to appeal the Sargent County Water Resource District's October 20, 2016 adoption of the resolution of necessity for the project within thirty days. After a hearing, the district court dismissed the complaint. The court concluded the Landowners were aggrieved by the District's adoption of the resolution of necessity, and their failure to timely appeal the resolution of necessity left the court without appellate subject-matter jurisdiction over the matter.

II

[¶7] The Landowners argue the total cost of the Drain 11 improvement project exceeds the amount generated through the District's annual maintenance levy of $4 per acre over six years and the District should have held a public hearing and landowner vote relating to the Drain 11 improvement project. The Landowners also argue the District failed to provide adequate notice of its adoption of the October 20, 2016 resolution of necessity.

[¶8] Water resource districts are governed by N.D.C.C. ch. 61-16.1. A water resource district may finance the maintenance of an assessment drain under N.D.C.C. § 61-16.1-45(1): "If it is desired to provide for maintenance of an assessment drain in whole or in part by means of special assessments, the levy in any year for the maintenance may not exceed four dollars per acre [.40 hectare] on any agricultural lands benefited by the drain." If the cost of the maintenance of any drain "exceeds the total amount that may be levied by the board in any six-year period, the board shall obtain the approval of the majority of the landowners as determined by chapter 61-16.1 before obligating the district for the costs." N.D.C.C. § 61-16.1-45(3). The

3

process for obtaining the approval of the affected landowners is governed by N.D.C.C. §§ 61-16.1-18 and 61-16.1-19. Here, in adopting the resolution of necessity, the District elected to finance a portion of the Drain 11 improvement project with the maximum $4 per acre annual maintenance levy over a six-year period under N.D.C.C. § 61-16.1-45.

[¶9] The district court dismissed the Landowners' complaint because they failed to timely appeal the District's resolution of necessity under N.D.C.C. §§ 28-34-01 and 61-16.1-54. Under N.D.C.C. § 61-16.1-54, an appeal may be taken "from any order or decision of the water resource board by any person aggrieved." "The appeal must be taken to the district court of the county in which the land claimed to be affected adversely by the order or decision appealed from is located and is governed by the procedure provided in section 28-34-01." *Id.* Section 28-34-01, N.D.C.C., provides in part:

> This section, to the extent that it is not inconsistent with procedural rules adopted by the North Dakota supreme court, governs any appeal provided by statute from the decision of a local governing body, except those court reviews provided under sections 2-04-11 and 40-51.2-15. For the purposes of this section, "local governing body" includes any officer, board, commission, resource or conservation district, or other political subdivision. Each appeal is governed by the following procedure:
>
> 1.  The notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body. A copy of the notice of appeal must be served on the local governing body in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure.

[¶10] Rather than appealing from the District's resolution of necessity, the Landowners' complaint sought declaratory and injunctive relief. The district court noted this Court's precedent holding equitable relief against a local governing body's decision is generally not available when a statutory appeal provides an adequate remedy. The court stated it would "treat Plaintiffs' complaint as a notice of appeal under N.D.C.C. §§ 28-34-01 and 61-16.1-54." In doing so, the court concluded it

4

lacked appellate subject matter jurisdiction over the action because the Landowners did not appeal within 30 days after the District's adoption of the resolution of necessity.

[¶11] The Landowners nevertheless argue they are entitled to declaratory and injunctive relief. They assert that after adopting the resolution of necessity, the District had a statutory duty under N.D.C.C. §§ 61-16.1-18 and 61-16.1-19 to hold a public hearing and vote on the project. They argue the District did not have jurisdiction to state in the resolution of necessity that "construction of the Drain 11 Project does not require an excess levy vote, an additional assessment district vote, or any other additional legal proceedings under North Dakota law." The Landowners claim they have a right to compel the District to conduct the statutorily required public hearing and vote.

[¶12] This Court has consistently held an aggrieved party must appeal a local governing body's decision rather than seek injunctive or declaratory relief against the enforcement of the decision. *See Hector v. City of Fargo*, 2014 ND 53, ¶ 23, 844 N.W.2d 542 (Stating "a statutory appeal provides an adequate legal remedy for reviewing a local governing body's decision, and in those cases where an appeal is authorized by law, an action for equitable relief generally is not available."); *Anderson v. Richland Cty. Water Res. Bd.*, 506 N.W.2d 362, 365 (N.D. 1993) (Stating "landowners' declaratory judgment action was inappropriate because N.D.C.C. § 28-34-01 'governs any appeal . . . from the decision of a local governing body.'"); *Olson v. Cass Cty.*, 253 N.W.2d 179, 182 (N.D. 1977) (Holding "[i]f the grievance of the person challenging a board's decision is of a type that could have been fairly litigated on appeal, then that statutory appeal is an adequate legal remedy, and no suit for injunction will lie as a substitute."); *Chester v. Einarson*, 76 N.D. 205, 219, 34 N.W.2d 418, 427-28 (1948) (Holding "[w]here the law provides an appeal from an order or determination of a board or commission whereby the correctness and validity of the order or decision may be reviewed the remedy so provided, if adequate, must

5

be pursued and a party having the right of appeal may not disregard the remedy and obtain injunctive relief against the enforcement of the order or decision.").

[¶13] In *Olson*, 253 N.W.2d at 180, the Cass County Board of Commissioners authorized the installation of a culvert. Landowners affected by the decision did not appeal; instead, they sued the Board seeking injunctive relief. *Id.* at 181. The plaintiffs argued injunctive relief was proper because the Board made its decision without complying with statutory requirements and therefore, the Board's decision was illegal and without jurisdiction. *Id.* In affirming the denial of injunctive relief, this Court held, "If [plaintiffs'] grievance is not jurisdictional, but goes instead to the correctness of the decision, then it cannot be litigated collaterally and must be attacked directly." *Id.* at 182-83. This Court also stated:

> "Jurisdiction" is the authority to inquire into the matter. It is the power to decide, and does not depend on whether the decision was right or wrong.
>
> The boards of county commissioners are responsible for the county road system, and, together with the State Highway Commissioner, are entrusted with furnishing roads and highways for the State. This responsibility and authority includes the authority to install culverts. The Board here had authority to make a culvert decision. It had jurisdiction to so decide regardless of whether it was wrong or right. The action taken by the Board when it authorized this culvert was not done without jurisdiction, and therefore that action cannot be collaterally attacked.
>
> It is precisely this type of question, concerning the correctness and propriety of the decision, that is a proper matter for the direct appeal authorized by Section 11-11-39, N.D.C.C. The lower court found that the plaintiffs' grievances could have been fairly litigated on appeal, and we can find no basis for deciding otherwise. The statutory appeal is the method by which an aggrieved person can challenge the correctness of such a decision.

*Id.* at 183 (citations omitted).

[¶14] In this case, similar to *Olson*, the Landowners sought declaratory and injunctive relief, arguing the District ignored statutory requirements relating to a public hearing and landowner vote after adopting the resolution of necessity for the

6

Drain 11 project. The Landowners claim the District had jurisdiction to adopt the resolution of necessity, but it lacked jurisdiction to put language within the resolution purporting to waive all further legal process, including holding a public hearing and vote. As in *Olson*, we are not persuaded by the Landowners' arguments relating to declaratory and injunctive relief.

[¶15] A water resource district has numerous powers under N.D.C.C. ch. 61-16.1, including the authority to finance drainage projects. A district may finance a project in a manner requiring a public hearing and vote, or through a maintenance levy, which does not require landowner approval. *See* N.D.C.C. §§ 61-16.1-17, 61-16.1-18, 61-16.1-19, 61-16.1-45. Here, the District chose to finance a portion of the Drain 11 project through a maintenance levy without a public hearing and landowner vote. The Landowners challenge the District's adoption of the resolution of necessity and decision to finance a portion of the project under N.D.C.C. § 61-16.1-45. The Landowners' arguments relating to the District's adoption of the resolution of necessity concern the correctness of the decision. A challenge concerning the correctness of a decision should have been raised in a direct appeal. *See Olson*, 253 N.W.2d at 183. Agreeing with the Landowners' argument that they are entitled to declaratory relief in this case would render N.D.C.C. § 61-16.1-54 meaningless. We conclude an appeal under N.D.C.C. § 61-16.1-54 provided the Landowners an appropriate remedy to challenge the District's resolution of necessity and decision to finance a portion of the Drain 11 project under N.D.C.C. § 61-16.1-45.

[¶16] It is undisputed the Landowners failed to timely appeal the District's October 20, 2016, adoption of the resolution of necessity. However, the Landowners claim the District failed to provide adequate notice of its adoption of the resolution of necessity. They argue that without adequate notice, they were unable to timely appeal.

[¶17] Section 61-16.1-54, N.D.C.C., provides a right to appeal a decision of a water resource district, and the appeal is governed by N.D.C.C. § 28-34-01. Under N.D.C.C. § 28-34-01(1), a "notice of appeal must be filed . . . within thirty days after

7

the decision of the local governing body." "The 30-day time limit for appealing a local governing body decision under N.D.C.C. § 28-34-01 is not a statute of limitation; rather, it is a statute conferring appellate subject-matter jurisdiction upon a reviewing court." *Zajac v. Traill Cty. Water Res. Dist.*, 2016 ND 134, ¶ 10, 881 N.W.2d 666. In *Zajac*, at ¶ 10, we also held "nothing in the plain language of either N.D.C.C. §§ 61-16.1-54 or 28-34-01 tolls the time for appeal." "Rather, N.D.C.C. § 28-34-01 unambiguously states the 'notice of appeal must be filed . . . within thirty days after the decision of the local governing body.'" *Zajac*, at ¶ 10. The time for appealing the resolution of necessity expired on November 19, 2016.

[¶18] In *Sandahl v. City Council of the City of Larimore*, 2016 ND 155, ¶ 9, 882 N.W.2d 721, we stated:

> Our decisions in *Zajac* and this case recognize an abbreviated time frame for a party to appeal from a decision by a local governing body is imposed under the plain language of N.D.C.C. § 28-34-01. The legislature may want to consider extending the time for appeal or consider triggering the time for appeal from a decision by a local governing body from service of the notice of the decision on the affected party or from publication of the decision.

[¶19] We again recognize the abbreviated time frame for an appeal that is imposed by the plain language of N.D.C.C. §§ 61-16.1-54 and 28-34-01; however, nothing in N.D.C.C. § 61-16.1-45 required the District to notify the Landowners of its decision to finance the Drain 11 project through the maintenance levy. Regardless of whether or not any notice was given, N.D.C.C. §§ 61-16.1-54 and 28-34-01 require an appeal to be taken within thirty days of a water resource district's decision. Because the Landowners failed to appeal the District's resolution of necessity within thirty days, the district court did not err in dismissing the Landowners' complaint.

III

8

[¶20]   We have considered the Landowners' remaining arguments and conclude they are either unnecessary to our decision or without merit.  The judgment is affirmed.

[¶21]   Gerald W. VandeWalle, C.J.
       Jerod E. Tufte
       Daniel J. Crothers
       Jon J. Jensen
       David W. Nelson, S.J.

[¶22]   The Honorable David W. Nelson, S.J., sitting in place of Lisa Fair McEvers, J., disqualified.